RYAN L. EDDINGS, Bar No. 256519
HYUN A. LEE, Bar No. 328220
LITTLER MENDELSON, P.C.
5200 North Palm Avenue, Suite 302
Fresno, California  93704.2225
Telephone:   559.244.7500
Facsimile.:   559.244.7525
Email:       reddings@littler.com
             halee@littler.com

Attorneys for Defendant
FIRSTGROUP AMERICA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA ROGERS, an individual,<br><br>                    Plaintiff,<br><br>        v.<br><br>FIRSTGROUP AMERICA, INC., a corporate entity form unknown; and DOES 1-50, inclusive,<br><br>                    Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br><br>Action filed in State Court: January 9, 2020<br>Orange County Superior Court<br>Case No. 30-2020-01123040-CU-WT-CJC |

**TO THE CLERK OF COURT, TO THE PARTIES, AND TO THE PARTIES'**
**COUNSEL OF RECORD, PLEASE TAKE NOTICE THAT** Defendant FIRSTGROUP
AMERICA, INC. ("FGA" or "Defendant"), by and through the undersigned counsel, and pursuant to
28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice of removal of this lawsuit from the Superior
Court of the State of California, County of Orange, to the United States District Court for the Central
District of California (the "Notice of Removal"). In support of its Notice of Removal, Defendant
respectfully submits to this Honorable Court the following information:

## STATEMENT OF JURISDICTION (DIVERSITY)

1.       Removal jurisdiction exists because this Court has original jurisdiction over
Plaintiff PAULA ROGERS' ("Plaintiff") Complaint pursuant to 28 U.S.C. § 1332, and which may be
removed to this Court pursuant to 28 U.S.C. § 1441, as it is a civil action in which neither Plaintiff nor

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

Notice of Removal of Civil Action to Federal Court

1   any Defendant are citizens of the same state and in which the amount in controversy exceeds $75,000,

2   exclusive of interest and costs (Diversity Jurisdiction). Here, Plaintiff was a citizen of California at

3   the time the Complaint was filed in the Orange County Superior Court and is not currently a citizen

4   of Delaware or Ohio. At the time Plaintiff's Complaint was filed, and also as of the time of this

5   Removal, Defendant is a Delaware corporation with its principal place of business in Cincinnati, Ohio.

6   Further, the amount in controversy exceeds $75,000 in that Plaintiff's Complaint seeks damages of

7   "no less than three hundred thousand dollars." *See* Complaint, pg. 22:3-5. As set forth herein, this case

8   meets all of the requirements for removal, is timely, and is properly removed by the filing of this

9   Notice.

10                                **STATE COURT ACTION**

11          2.      On or about January 9, 2020, Plaintiff filed this action in the Orange County

12   Superior Court, titled *Paula Rogers v. FirstGroup America, Inc., a corporation entity form unknown;*

13   *and DOES 1-50, inclusive,* Case Number 30-2020-01123040-CU-WT-CJC (the "Complaint"), which

14   is attached hereto as Exhibit A. The Complaint was served on Defendant on December 1, 2020. See

15   concurrently-filed Declaration of Ryan L. Eddings ("Eddings Decl."), at ¶ 2.

16          3.      Plaintiff's Complaint purports to assert ten causes of action against Defendant

17   for: (i) discrimination in violation of California Government Code § 12940, *et seq.*; (ii) age

18   discrimination in violation of California Government Code § 12940, *et seq.*; (iii) failure to

19   accommodate in violation of California Government Code § 12940(m); (iv) failure to engage in

20   interactive process in violation of California Government Code § 12940(n); (v) failure to prevent

21   discrimination in violation of California Government Code § 12940(k); (vi) retaliation in violation of

22   California Government Code § 12940(h); (vii) wrongful termination; (viii) failure to provide

23   employment records; (ix) meal and rest break violations; and (x) violation of California Business and

24   Professions Code § 17200, *et seq.*

25          4.      Defendant filed a General Denial and Affirmative Defenses to Plaintiff's

26   Complaint on or about December 28, 2020. A true and correct copy of the General Denial and

27   Affirmative Defenses to Plaintiff's Complaint is attached hereto as Exhibit B.

28          5.      The remaining submissions in this action remaining on file with the Orange

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

2.

Notice of Removal of Civil Action to Federal Court

County Superior Court are attached hereto as Exhibit C.

### TIMELINESS OF NOTICE OF REMOVAL

6.      An action may be removed from state court by filing a notice of removal, together with a copy of all process, pleadings, and orders served on the defendant, within 30 days of Defendant receiving an "initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). Here, Plaintiff served her Complaint on December 1, 2020. Eddings Decl., at ¶ 2. Therefore, Defendant can remove this action up to December 31, 2020. *See* FED. R. CIV. P. 6(a) (explaining that "the last day of the period shall be included, "but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

### VENUE

7.      Pursuant to 28 U.S.C. § 1391(a) and 28 U.S.C. § 1441, venue is proper in the United States District Court for the Central District of California insofar as Defendant conducts business within Orange County, California, which is where Plaintiff was employed, where the instant action was originally filed, and which is within this Court's jurisdiction.

### NOTICE TO PLAINTIFF

8.      As required by 28 U.S.C. § 1446(d), Defendant provided written notice of the filing of this Notice of Removal to Plaintiff. See Defendant's Notice to Plaintiff of Removal to Federal Court, attached hereto as Exhibit D.

### NOTICE TO THE SUPERIOR COURT

9.      Defendant also filed its Notice of Removal with the Clerk of the Orange County Superior Court, attached hereto as Exhibit E.

### FACTS AND LAW SUPPORTING DIVERSITY JURISDICTION

10.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b). Specifically, this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs because Plaintiff claims that she is entitled to an award in excess of $75,000 as result of Defendant's alleged

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

3.

Notice of Removal of Civil Action to Federal Court

conduct.

### A. Citizenship of Parties

11. Defendant is informed and believes that Plaintiff is a citizen and resident of the State of California. *See* Complaint, ¶ 9 ("[A]ll of the claims and causes of action alleged herein occurred and accrued in the County of Orange, State of California.") Defendant is informed and believes and thereon alleges that at the time Plaintiff's Complaint was filed, and also as of the time of this Removal, Plaintiff is not a citizen of Ohio or Delaware.

12. Defendant is a corporation duly organized and existing under the laws of the State of Delaware, and it maintains its principal place of business in Cincinnati, Ohio. *See* Eddings Decl., ¶ 5; *see also* concurrently-filed California Secretary of State's Corporation – Statement of Information, attached hereto as Exhibit F. Defendant is a citizen of Delaware and Ohio. Defendant is not a citizen of California.

### B. Amount in Controversy

13. "[W]hen a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a "legal certainty" that the plaintiff cannot actually recover that amount." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (citing to *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996); see also 28 U.S.C. § 1446(c)(2) (generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy.") In measuring the amount in controversy, the Court must assume that the allegations of the Complaint are true and that a jury will return a verdict in favor of Plaintiff on all claims asserted in the Complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 1001 (C.D. Cal. 2002). Economic damages, non-economic damages, general damages, attorneys' fees and costs, and punitive damages all are included in determining the amount in controversy. *See Galt G/S/ v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998) (prayer for attorneys' fees included in determining the amount in controversy where potentially recoverable by statute); *Gonzalez v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (stating that compensatory and punitive damages are included in determining the amount in controversy). Moreover, the removing defendant

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Notice of Removal of Civil Action to Federal Court

1  is only required to establish that the plaintiff's total damages "more likely than not" exceed the

2  jurisdictional amount. *Sanchez*, *supra*, 102 F.3d at 399.

3         14.    Here, Defendant reasonably and in good faith believes that the amount put in

4  controversy herein exceeds the jurisdictional requirement of 28 U.S.C. § 1332(a). Specifically,

5  Plaintiff prays for the following jurisdictional relief, which is far in excess of the jurisdictional

6  requirement: "For all actual, consequential, and incidental damages, including but not limited to loss

7  of earnings and employee benefits, according to proof, but no less than three hundred thousand

8  dollars." *See* Complaint, pg. 22:3-5.

9         15.    Should Plaintiff prevail on her claims for violations of the California

10  Government Code, the California Labor Code, the California Business and Professions Code, and

11  wrongful termination in violation of public policy, she would be entitled to recover the amount she

12  would have earned up to the present date, including benefits or pay increases. *See Wise v. Southern*

13  *Pac. Co.*, 1 Cal.3d 600, 607 (1970). Here, Plaintiff alleges that she was employed by Defendant on or

14  about February 1, 2016 through to her termination on or about January 30, 2019. Complaint, ¶¶ 10,

15  15. Plaintiff alleges that Defendant employed her as a Bus Driver. Complaint, ¶ 10. Plaintiff's rate of

16  pay was $15.30 per hour. *Id.* Plaintiff seeks lost income from the date of her termination on or about

17  January 30, 2019, through to the present and into the future. *See* Complaint, ¶¶ 27, 44, 57, 72, 84, 93,

18  104 (e.g., "Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and

19  additional amounts of money Plaintiff would have received but for Defendant's discriminatory

20  conduct, all in an amount subject to proof at the time of trial, but believed to be no less than three

21  hundred thousand dollars."). As of the date of this Notice of Removal, it has been approximately 100

22  weeks since Plaintiff's separation from employment with Defendant. Complaint, ¶¶ 10, 15 ("On or

23  about February 1, 2016, Defendant hired Plaintiff as a Bus Driver . . . [O]n January 30, 2019,

24  Defendant terminated Plaintiff."). Although Plaintiff's Complaint does not specify the number of

25  hours she worked on a weekly basis, for purposes of this removal, Defendant assumes Plaintiff alleges

26  that she was a full-time employee and worked approximately 40 hours per week.  Given Plaintiff's

27  rate of pay, Plaintiff alleges to have suffered at least $61,200 in damages in the form of lost income

28  alone as of the date of this filing ($15.30 hourly wage x. 40 hours x 100 weeks), with damages

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

Notice of Removal of Civil Action to Federal Court

1   continuing into the future through trial at the rate of $612 per week ($15.30 hourly wage x 40 hours).

2   16.   Likewise, Plaintiff seeks unpaid meal and rest period premiums. Plaintiff

3   alleges that "Defendants failed to comply with the rest and meal period requirements established by

4   *Labor Code* §226.7, *Labor Code* §512, *Labor Code* §516 and Section 11 of the IWC Wage Order(s)."

5   *See* Complaint, ¶ 127. It is presently unclear how many meal and rest period Plaintiff alleges she did

6   not receive. Although Plaintiff's Complaint reasonably can be read to allege that she *never* received a

7   meal or rest break, for purposes of this removal, Defendant assumes Plaintiff alleges that Defendant

8   failed to provide one meal period and one rest period per week. Plaintiff's meal and rest period claim

9   is also subject to a three-year statute of limitations, which runs from January 9, 2017 through to

10  January 9, 2020. There are approximately 107 weeks between January 9, 2017 and January 30, 2019.

11  Based on these assumptions, there would be approximately 107 missed meal periods and 107 missed

12  rest periods during the statutory period. The penalty for a missed meal or rest period is one hour of

13  pay at the employee's regular rate of pay. *See* Cal. Lab. Code, § 226(c). At Plaintiff's hourly rate of

14  $15.30, 107 meal period premiums translate to $1,637.10 in controversy over Plaintiff's claim for meal

15  periods. The same amount in at issue for the missed rest periods. As a result, Plaintiff's claims for

16  failure to provide meal and rest periods adds $3,274.20 to the amount in controversy.

17  17.   Plaintiff also seeks penalties for Defendant's alleged failure to provide Plaintiff

18  with her employment records and/or inspection rights. *See* Complaint, ¶ 111. California Labor Code

19  § 226(f) provides that an employee may recover $750 in penalty from the employer if the employer

20  fails to permit the employee "to inspect or receive a copy of records within the time set forth in

21  subdivision (c)." Thus, Plaintiff's claim for failure to provide employment records and/or inspection

22  rights adds $750.00 to the amount in controversy.

23  18.   Plaintiff also seeks damages for the emotional distress. Complaint, ¶¶ 28, 45,

24  58, 73, 84, 86, 93, 104 (e.g., "Plaintiff has also suffered and continues to suffer emotional distress and

25  anguish, humiliation, anxiety, and medical expenses all to her damage in an amount subject to proof

26  at trial."). Plaintiff's claim for severe emotional distress damages further augments the foregoing

27  amounts and demonstrates that the jurisdictional prerequisite for removal of this action is met. *See*

28  *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (claims for pain, suffering and

6.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704-2225
559.244.7500

humiliation properly may be factored into the jurisdictional analysis for purposes of removal). Although Defendant disputes that Plaintiff is entitled to any such award, plaintiffs in employment cases have been awarded substantial sums for emotional distress. *See*, e.g., *Swinton v. Potomac Corp.*, 270 F.3d 794 (9th Cir. 2001), *cert. denied*, 535 U.S. 1018 (2002) (award of $30,000); *Dotson v. United States*, 87 F.3d 682 (5th Cir. 1996) (award of $25,000). In *Kroske v. U.S. Bank Corp.*, 432 F.3d 976 (9th Cir. 2005), *cert. denied*, 127 S.Ct. 157 (2006), the Ninth Circuit upheld the lower court's finding that the amount in controversy had been established. In reaching its holding, the Ninth Circuit reasoned that the plaintiff's "emotional distress damages would add at least additional $25,000 to her claim" where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Id.* at 980. A similar result is compelled here, as Plaintiff expressly seeks damages for emotional distress and lost wages are at issue. Thus, based on *Kroske* and other analogous cases, the emotional distress component of Plaintiff's claims is likely to add at least $25,000 to the amount in controversy, if not more. The foregoing, when taken together with Plaintiff's claims for lost wages, punitive and statutory damages, and attorney's fees, establishes that the plaintiff's total damages more likely than not will exceed the jurisdictional amount of $75,000.

19.     Additionally, Plaintiff seeks an award of attorneys' fees in connection with her claims for violations of various provisions of the California Labor Code, the California Government Code, and the California Business and Professions Code. Complaint, ¶¶ 35, 50, 65, 80, 88, 95, 112, 114 (e.g., "Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the trial which fees and expenses are recoverable pursuant to *Gov't Code* § 12900 *et seq.*"). Attorneys' fees are also included in the amount in controversy calculation when the underlying claims permit recovery of attorneys' fees. *Galt G/S*, *supra*, 142 F.3d at 1156. While Plaintiff's attorneys' fees cannot be calculated precisely, it is reasonable to assume that they could exceed a damages award. *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (holding that where attorneys' fees are "recoverable by statute," fees reasonably anticipated over the life of the litigation are included in the amount in controversy analysis); *Fritsch v. Swift Transportation Company of Arizona, LLC.*, 2018 WL 3748667, at *2 (9th Cir. 2018) (in deciding amount in controversy issue,

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

7.

Notice of Removal of Civil Action to Federal Court

court may estimate the amount of reasonable attorneys' fees like to be recovered by plaintiff if she were to prevail). Moreover, past cases indicate that the award of attorneys' fees alone could reach or exceed the jurisdictional amount of $75,000. *See Mitchell v. GigOptix, LLC*, H036131, at*30 (Cal. Ct. App. Nov. 29, 2011) (noting the trial court's attorneys' fee award of $45,017.15, representing one-fourth of the total fees, for just the claims of unpaid wages, unpaid vacation, and unpaid meal breaks).

20.     The amount in controversy also includes punitive damages unless (1) punitive damages are not recoverable as a matter of state law, and (2) it is a legal certainty that plaintiff would not be entitled to recover the jurisdictional amount. *See Anthony v. Security Pacific Financial Services*, 75 F.3d 311, 315 (7th Cir. 1996); *see also St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-1254 (5th Cir. 1998). Here, Plaintiff alleges that she is entitled to punitive damages for Defendant's willful and malicious conduct, but does not provide a total amount of the alleged punitive damages sought. *See* Complaint, ¶¶35, 64, 79, 87, 94, 105. With respect to punitive damages, California law does not provide any specific monetary limit on the amount of punitive damages which may be awarded under Civil Code section 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of a defendant's misdeeds, the ratio between compensatory and punitive damages, and the ratio between damages and a defendant's net worth. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357 (9th Cir. 1994). Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff were to prevail on her claims, the punitive damages alone could exceed the jurisdictional minimum.

21.     Thus, while Defendant's position is that Plaintiff is not entitled to damages in any amount, the total amount in controversy appears to be, at a minimum, well over $75,000 as of the date of this Notice of Removal. Plaintiff herself alleges that she seeks at least $300,000 in damages. Further, a calculation of the potential amount in controversy establishes that it is at least $61,200 in lost income to date, $25,000 in emotional distress damages, $1,637.10 in meal period premiums, $1,637.10 in rest period premiums, $750 in penalty for Defendant's alleged failure to provide Plaintiff with her employment records and/or inspection rights, other applicable statutory damages as requested, and a possible award of punitive damages. In addition, Plaintiff's request for attorney's fees and the addition of any prejudgment and post-judgment interest make it more likely than not that the

8.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

Notice of Removal of Civil Action to Federal Court

1    total amount in controversy exceeds the jurisdictional amount of $75,000.

2         22.    Consequently, the requirements of 28 U.S.C. § 1332(a) have been met in that

3    the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and because this is a

4    civil action between citizens of different states.

5         WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant removes

6    this case from the Superior Court of the State of California, County of Orange, to the United States

7    Court for the Central District of California.

8

9    Dated:  December 31, 2020

10

11   RYAN L. EDDINGS
     HYUN A. LEE
12   LITTLER MENDELSON, P.C.
     Attorneys for Defendant
13   FIRSTGROUP AMERICA, INC.

14   4813-2687-3556.1

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

Notice of Removal of Civil Action to Federal Court

# EXHIBIT "A"

Electronically Filed by Superior Court of California, County of Orange, 01/09/2020 05:47:47 PM.
30-2020-01123040-CU-WT-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Robert Renison, Deputy Clerk.

Jihad M. Smaili, Esq. [262219]
**SMAILI & ASSOCIATES, PC**
Civic Center Plaza Towers
600 W. Santa Ana Blvd., Suite 202
Santa Ana, California 92701
714-547-4700
714-547-4710 (facsimile)
jihad@smaililaw.com

Attorneys for Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF ORANGE

| | |
|---|---|
| PAULA ROGERS, an individual; | Case No.: |
| Plaintiff, | Assigned for all purposes to the |
| v. | **COMPLAINT:** |
| FIRSTGROUP AMERICA, INC., a corporate entity form unknown;  and DOES 1-50, inclusive, | 1. Discrimination in Violation of Gov. Code §12940 *et seq.* |
| Defendants. | 2. Age Discrimination in Violation of Gov. Code §12940 *et seq.* |
| | 3. Failure to Accommodate in Violation of Gov. Code § 12940(m) |
| | 4. Failure to Engage in Interactive Process in Violation of Gov. Code § 12940(n) |
| | 5. Failure to Prevent Discrimination in Violation of Gov. Code § 12940(k) |
| | 6. Retaliation in Violation of Gov. Code §12940(h) |
| | 7. Wrongful Termination |
| | 8. Meal and Rest Break Violations |
| | 9. Violation of Business & Professions Code § 17200 *et seq.* |
| | **DEMAND FOR JURY TRIAL**<br>**UNLIMITED JURISDICTION** |

COMPLAINT

1

Plaintiff Paula Rogers (hereinafter "Plaintiff" and/or "Rogers") alleges as follows:

## THE PARTIES

1.      At all times mentioned herein, and at the time the causes of action arose, Plaintiff was and is an individual.

2.      Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, Defendant FirstGroup America, Inc. ("FGA"), is a corporate entity, form unknown, regularly conducting business in the State of California, and specifically, in the County of Orange.  Plaintiff is further informed and believes and thereon alleges that FGA was transacting business in the County of Orange, State of California, at the time claims of Plaintiff arose.  At all times relevant, FGA was an employer within the meaning of *Government Code* §12926(d) and as such was barred from, *inter alia*, harassing, discriminating or retaliating against Plaintiff in personnel, scheduling, employment, promotion, advancement, retention, hiring, terminating and other decisions relating to Plaintiff's employment on the basis of age, race, physical disability or medical condition, participation in protected activity, and other immutable characteristics.

3.      The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1—50, inclusive, are currently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff will seek leave to amend this complaint to show their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each Defendant named herein as a DOE was responsible in some manner for the occurrences and damages alleged herein.

4.      Each reference in this complaint to "Defendant" and/or "Defendants" refers to FGA, and also refers to all Defendants sued under fictitious names, jointly and severally.

5.      Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings, and circumstances alleged in this Complaint.  Plaintiff is further informed and believes and thereon alleges that

Defendants, and each of them, proximately subjected Plaintiff to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint. Likewise, Defendants, and each of them are now and/or at all times mentioned in this Complaint were the agents, servants and/or employees of some or all other Defendants, and vice-versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment.

6.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

7.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, at all times mentioned in this Complaint, concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injures and/or damages alleged in this Complaint. Plaintiff is further informed and believes and thereon alleges that Defendants, and each of them, at all times mentioned in this Complaint, approved of condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint. Likewise, Defendants, and each of them, at all times mentioned in this Complaint aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages alleged in this Complaint.

8.     Plaintiff is informed and believes and thereon alleges that at all actions alleged herein committed by Defendants were committed by managing agents of Defendants, or, such conduct was known by and/or ratified by managing agents of Defendants.

COMPLAINT

3

## VENUE AND JURISDICTION

9.      Venue is proper in this county and this Court has jurisdiction over this matter because Defendants operate out of Anaheim, California, and, all of the claims and causes of action alleged herein occurred and accrued in the County of Orange, State of California.

## FACTUAL BACKGROUND

10.     On or about February 1, 2016, Defendant hired Plaintiff as a Bus Driver. Initially, her job duties included, but were not limited to, driving a bus. She was later promoted to Maintenance Clerk. At which point, her job duties expanded to maintenance work and the enforcement of company rules. Plaintiff earned an hourly wage of $15.30.

11.     Throughout her time employed with Defendant, Plaintiff was repeatedly subjected to discrimination and harassment, on account of her sex, as she tried to complete her job duties.

12.     Upon information and belief, Defendant's employees were allowed defy Plaintiff's instructions on the job. For instance, on numerous occasions she tried to enforce Respondent's rules regarding clocking in and out and reported one employee, "Carlos" for not doing so properly. In response, Carlos, with the help of Respondent's agent, Rick Vargas ("Vargas") retaliated against her.

13.     Plaintiff complained to Defendant about the harassment and retaliation. She also complained to her supervisor, Vargas, to express her need for support. Plaintiff told Vargas, through sobs, that she was depressed and needed support to do her job. At one point, she complained to a co-worker, "Lenny," that she had been experiencing harassment from individuals at work. He responded, "You should quit, this job isn't worth all the stress and anxiety."  Though Defendant was aware of what Plaintiff's worsening disability, Defendant did not engage with her in a good faith interactive process, nor did they offer her accommodation.

14.     On or about October 22, 2018, Plaintiff sustained an injury to her right ankle that required surgery. She was placed off work by her doctor from October 22,

2018 through March 2019. Plaintiff was not able to go to work because of her injury. In fact, her injury was so severe that following her surgery, Plaintiff was transferred to a rehabilitation center so that she could relearn to walk.

15.     During her medical leave, Plaintiff also consulted with a psychiatrist because of her work-related depression. Her psychiatrist also took her off work through August 2019. However, on January 30, 2019, Defendant terminated Plaintiff.

16.     Plaintiff is informed and believes she was terminated, in part, on the basis of her disabilities. Plaintiff is also informed and believes that she was terminated on the basis of her age and sex.

17.     Further, throughout Plaintiff's employment, she was not provided 10-minute rest breaks for every 4 hours she worked.

18.     Upon information and belief, Plaintiff was discriminated against, harassed, retaliated against, and ultimately terminated for reporting a work-related injury, for perceived filing/filing for workers' compensation, for requesting CFRA/FMLA leave, her age, and for complaining about her work environment. Further, Defendant refused to engage in a good-faith interactive process and refused to offer any accommodation.

19.     Before filing this lawsuit, Plaintiff exhausted her administrative remedies by timely filing a complaint with the Department of Fair Employment and Housing (DFEH) and receiving a right-to-sue notice, dated October 30, 2019.

### FIRST CAUSE OF ACTION
### DISCRIMINATION IN VIOLATION OF
### CALIFORNIA GOVERNMENT CODE § 12940 *ET SEQ.*
### (Against All Defendants)

20.     Plaintiff refers to all allegations contained in paragraphs 1-19, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

21.     California law, and particularly the Fair Employment and Housing Act ("FEHA"), codified at *Government Code* §12900 *et seq.*, prohibits discrimination against persons with a physical condition or disability, which is broadly defined therein, and

1  which includes even the perception that a person has a medical or mental condition
2  and/or physical condition or disability.  FEHA further prohibits discrimination based
3  upon, *inter alia*, age, race, gender, sexual orientation, national origin, pregnancy and
4  other immutable characteristics.

5      22.    Plaintiff is a 58 year old, disabled woman as alleged above.

6      23.    Defendant was aware of Plaintiff's disability, as herein alleged, because
7  Plaintiff specifically reported said disability directly to Defendant via Defendant's
8  supervisors and managing agents.

9      24.    At all times herein alleged, Plaintiff was qualified for the position of
10  employment that she held with Defendant and was able to perform the essential functions
11  of that job.

12      25.    Plaintiff is informed and believes and thereon alleges that as a direct and
13  proximate result of Plaintiff's disability, Defendant refused to engage Plaintiff in an
14  interactive process, refused to communicate with Plaintiff, refused to accommodate
15  Plaintiff's medical restrictions, denied Plaintiff opportunity for advancement, promotion
16  and the ability to earn a living, and terminated Plaintiff.

17      26.    Defendant's discriminatory action against Plaintiff, as alleged above,
18  constitutes unlawful discrimination in employment on account of Plaintiff's disability in
19  violation of FEHA, and particularly *Gov't Code* §12940(a).

20      27.    As a direct, foreseeable, and proximate result of Defendant's discriminatory
21  action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has
22  suffered the loss of wages, salary, benefits, the potential for advancement, and additional
23  amounts of money Plaintiff would have received but for Defendants' discriminatory
24  conduct, all in an amount subject to proof at the time of trial, but believed to be no less
25  than three hundred thousand dollars.

26      28.    As a direct, foreseeable, and proximate result of the wrongful conduct of
27  Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional
28  distress and anguish, humiliation, anxiety, and medical expenses all to her damage in an

Smaili & Associates, P.C.

1   amount subject to proof at trial.

2       29.    Plaintiff is informed and believes and thereon alleges that the above-alleged

3   actions of Defendant were the result and consequence of Defendant's failure to supervise,

4   control, direct, manage, and counsel those agents throughout Plaintiff's employment and

5   that Defendant ratified, condoned and/or encouraged the discriminatory behavior and

6   enabled agents to believe that their conduct was appropriate.

7       30.    Defendant, and each of them, failed to offer counseling or comfort to

8   Plaintiff and sent the unmistakable message that such conduct is appropriate in the

9   workplace.

10       31.    Plaintiff is informed and believes and thereon alleges that Defendant has a

11   systemic and wide-spread policy of discriminating against and retaliating against

12   employees with disabilities.  By failing to stop the discrimination, harassment and

13   retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn,

14   directly caused a vicious cycle of wrongful conduct with impunity.

15       32.    Plaintiff is informed and believes and thereon alleges that her disability was

16   a motivating factor in the decision of Defendant to discriminate against her and terminate

17   her.

18       33.    The outrageous conduct of Defendant, and each of them, as alleged herein,

19   was done with oppression and malice by Defendant and its supervisors and managers,

20   along with conscious disregard of Plaintiff's rights, and were ratified by those other

21   individuals who were managing agents of Defendant.

22       34.    The conduct of Defendant as alleged hereinabove was done with malice,

23   fraud or oppression, and in reckless disregard of Plaintiff's rights under California law.

24   As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

25       35.    Plaintiff also continues to incur attorneys' fees and legal expenses in an

26   amount according to proof at the time of trial which fees and expenses are recoverable

27   pursuant to *Gov't Code* §12900 *et seq.*

28

*Smaili & Associates, P.C.*

COMPLAINT

7

## SECOND CAUSE OF ACTION

### AGE DISCRIMINATION

### IN VIOLATION OF  GOV. CODE § 12940 ET SEQ.

### (Against all Defendants)

36.     Plaintiff refers to all allegations contained in paragraphs 1-35, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

37.     At all times herein mentioned, Gov't Code §§12940(a) and 12941 were in full force and effect and were binding on Defendant.  These sections require Defendant to refrain from discriminating against any employee over the age of 40 because of their age.

38.     At the time of Plaintiff's injury and at the time of Plaintiff's termination, and at all times that Defendant was discriminating against Plaintiff as alleged herein, Plaintiff was over the age of 40.  Plaintiff is informed and believes and thereon alleges that after years of wholly satisfactory, competent and diligent performance to the profit of Defendants, that Plaintiff's age, being over 40, was a motivating factor in Defendants' decision to terminate Plaintiff's employment. Said conduct by Defendants was intentional and willful.

39.     Plaintiff is informed and believes and thereon alleges that Plaintiff was replaced with an employee below the age of 40.

40.     Defendant was aware of Plaintiff's age, as herein alleged, because Plaintiff maintained Plaintiff's personnel file which specifically contained the date of Plaintiff's birth and her corresponding age.

41.     At all times herein alleged, Plaintiff was qualified for the position of employment that she held with Defendant and was able to perform the essential functions of that job.

42.     Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Plaintiff's age, Defendant decided to terminate Plaintiff's employment, and in fact, did terminate Plaintiff's employment.

43.     Defendants' discriminatory action against Plaintiff, as alleged above,

1  constitutes unlawful discrimination in employment on account of Plaintiff's age in

2  violation of FEHA, and particularly Gov't Code §12940.

3      44.    As a direct, foreseeable, and proximate result of Defendants' discriminatory

4  action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has

5  suffered the loss of wages, salary, benefits, the potential for advancement, and additional

6  amounts of money Plaintiff would have received but for Defendant's discriminatory

7  conduct, all in an amount subject to proof at the time of trial.

8      45.    As a direct, foreseeable, and proximate result of the wrongful conduct of

9  Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional

10  distress and anguish, humiliation, anxiety, and medical expenses all to her damage in an

11  amount subject to proof at trial.

12      46.    Plaintiff is informed and believes and thereon alleges that the above-alleged

13  actions of Defendant were the result and consequence of Defendant's failure to supervise,

14  control, direct, manage, and counsel those agents throughout Plaintiff's employment and

15  that Defendant ratified, condoned and/or encouraged the discriminatory behavior and

16  enabled agents to believe that their conduct was appropriate.

17      47.    Defendants, and each of them, failed to offer counseling or comfort to

18  Plaintiff and sent the unmistakable message that such conduct is appropriate in the

19  workplace.

20      48.    Plaintiff is informed and believes and thereon alleges that Defendant has a

21  systemic and wide-spread policy of discriminating against and retaliating against

22  employees over the age of 40.  By failing to stop the discrimination, harassment and

23  retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn,

24  directly caused a vicious cycle of wrongful conduct with impunity.

25      49.    The outrageous conduct of Defendant, and each of them was done with

26  oppression and malice by Defendant and its supervisors and managers, along with

27  conscious disregard of Plaintiff's rights, and were ratified by those other individuals who

28  were managing agents of Defendant.

Smail & Associates, P.C.

1    50.    Plaintiff also continues to incur attorneys' fees and legal expenses in an

2    amount according to proof at the time of trial which fees and expenses are recoverable

3    pursuant to Gov't Code §12900 et seq.

4                          **THIRD CAUSE OF ACTION**

5          **FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF**

6              **CALIFORNIA GOVERNMENT CODE § 12940(m)**

7                          **(Against All Defendants)**

8    51.    Plaintiff refers to all allegations contained in paragraphs 1-50, inclusive and

9    by such reference incorporates the same herein as though fully realleged in detail.

10   52.    Plaintiff has a disability as alleged above.

11   53.    Defendant was aware of Plaintiff's disability, as alleged above and herein.

12   54.    Defendant failed and refused to accommodate Plaintiff's needs, and, failed

13   and refused to engage in an interactive process with Plaintiff, and, failed to address

14   Plaintiff's needs in light of her disabilities.

15   55.    At all times herein alleged, Plaintiff was qualified for the position of

16   employment that she held with Defendant and was able to perform the essential functions

17   of that job if such reasonable accommodation had been made by Defendant.  At no time

18   would the performance of the functions of the employment position, with a reasonable

19   accommodation for Plaintiff's disabilities, have been a danger to Plaintiff's or any other

20   person's health or safety, nor would it have created an undue hardship to the operation of

21   Defendant's business.

22   56.    Defendant's failure to accommodate Plaintiff, as alleged above, constitutes

23   unlawful conduct in employment in violation of FEHA, and particularly *Gov't Code*

24   §12940.

25   57.    As a direct, foreseeable, and proximate result of Defendant's wrongful

26   conduct against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has

27   suffered the loss of wages, salary, benefits, the potential for advancement, and additional

28   amounts of money Plaintiff would have received but for Defendant's wrongful conduct,

Smaili & Associates, P.C.

1  in an amount of at least three hundred thousand dollars, all subject to proof at the time of

2  trial.

3      58.    As a direct, foreseeable, and proximate result of the wrongful conduct of

4  Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional

5  distress and anguish, humiliation, anxiety, and medical expenses all to her damage in an

6  amount subject to proof at trial.

7      59.    Plaintiff is informed and believes and thereon alleges that the above-alleged

8  actions of Defendant were the result and consequence of Defendant's failure to supervise,

9  control, direct, manage, and counsel those agents throughout Plaintiff's employment and

10  that Defendant ratified, condoned and/or encouraged the discriminatory behavior and

11  enabled agents to believe that their conduct was appropriate.

12      60.    Defendant, and each of them, failed to offer counseling or comfort to

13  Plaintiff and sent the unmistakable message that such conduct is appropriate in the

14  workplace.

15      61.    Plaintiff is informed and believes and thereon alleges that Defendant has a

16  systemic and wide-spread policy of discriminating against and retaliating against

17  employees with disabilities.  By failing to stop the discrimination, harassment and

18  retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn,

19  directly caused a vicious cycle of wrongful conduct with impunity.

20      62.    Plaintiff is informed and believes and thereon alleges that Defendant's

21  desire to avoid accommodating Plaintiff was a motivating factor in the decision of

22  Defendant to discriminate against her and ultimately terminate her.

23      63.    The outrageous conduct of Defendant, and each of them, as alleged herein,

24  was done with oppression and malice by Defendant and its supervisors and managers,

25  along with conscious disregard of Plaintiff's rights, and were ratified by those other

26  individuals who were managing agents of Defendant.

27      64.    The conduct of Defendant as alleged hereinabove was done with malice,

28  fraud, or oppression, and in reckless disregard of Plaintiff's rights under California law.

Smaili & Associates, P.C.

1    As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

2    65.    Plaintiff also continues to incur attorneys' fees and legal expenses in an

3    amount according to proof at the time of trial which fees and expenses are recoverable

4    pursuant to *Gov't Code* §12900 *et seq.*

## FOURTH CAUSE OF ACTION

### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN

### VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940(n)

#### (Against All Defendants)

9    66.    Plaintiff refers to all allegations contained in paragraphs 1-65, inclusive and

10   by such reference incorporates the same herein as though fully realleged in detail.

11   67.    Plaintiff has a disability as alleged above.

12   68.    Defendant was aware of Plaintiff's disability, as alleged above and herein.

13   69.    Defendant failed and refused to engage Plaintiff in an interactive process

14   designed to unite Plaintiff with her job.

15   70.    At all times herein alleged, Plaintiff was qualified for the position of

16   employment that she held with Defendant and was able to perform the essential functions

17   of that job if such reasonable accommodation had been made by Defendant.  At no time

18   would the performance of the functions of the employment position, with a reasonable

19   accommodation for Plaintiff's disabilities, have been a danger to Plaintiff's or any other

20   person's health or safety, nor would it have created an undue hardship to the operation of

21   Defendant's business.

22   71.    Defendant's failure to engage with Plaintiff in an interactive process, as

23   alleged above, constitutes unlawful conduct in employment in violation of FEHA, and

24   particularly *Gov't Code* §12940.

25   72.    As a direct, foreseeable, and proximate result of Defendant's wrongful

26   conduct against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has

27   suffered the loss of wages, salary, benefits, the potential for advancement, and additional

28   amounts of money Plaintiff would have received but for Defendant's wrongful conduct,

Small & Associates, P.C.

1  all in an amount no less than three hundred thousand dollars, subject to proof at the time

2  of trial.

3      73.    As a direct, foreseeable, and proximate result of the wrongful conduct of

4  Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional

5  distress and anguish, humiliation, anxiety, and medical expenses all to her damage in an

6  amount subject to proof at trial.

7      74.    Plaintiff is informed and believes and thereon alleges that the above-alleged

8  actions of Defendant were the result and consequence of Defendant's failure to supervise,

9  control, direct, manage, and counsel those agents throughout Plaintiff's employment and

10  that Defendant ratified, condoned and/or encouraged the discriminatory behavior and

11  enabled agents to believe that their conduct was appropriate.

12      75.    Defendant, and each of them, failed to offer counseling or comfort to

13  Plaintiff and sent the unmistakable message that such conduct is appropriate in the

14  workplace.

15      76.    Plaintiff is informed and believes and thereon alleges that Defendant has a

16  systemic and wide-spread policy of discriminating against and retaliating against

17  employees with disabilities.  By failing to stop the discrimination, harassment and

18  retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn,

19  directly caused a vicious cycle of wrongful conduct with impunity.

20      77.    Plaintiff is informed and believes and thereon alleges that Defendant's

21  desire to avoid accommodating Plaintiff was a motivating factor in the decision of

22  Defendant to discriminate against her and ultimately terminate her.

23      78.    The outrageous conduct of Defendant, and each of them, as alleged herein,

24  was done with oppression and malice by Defendant and its supervisors and managers,

25  along with conscious disregard of Plaintiff's rights, and were ratified by those other

26  individuals who were managing agents of Defendant.

27      79.    The conduct of Defendant as alleged hereinabove was done with malice,

28  fraud or oppression, and in reckless disregard of Plaintiff's rights under California law.

COMPLAINT

13

1   As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

2        80.    Plaintiff also continues to incur attorneys' fees and legal expenses in an

3   amount according to proof at the time of trial which fees and expenses are recoverable

4   pursuant to *Gov't Code* §12900 *et seq.*

5

### FIFTH CAUSE OF ACTION

6

### FAILURE TO PREVENT DISCRIMINATION IN VIOLATION

7

### OF CALIFORNIA GOVERNMENT CODE § 12940(k)

8

#### (Against All Defendants)

9        81.    Plaintiff refers to all allegations contained in paragraphs 1-80 inclusive and

10  by such reference incorporates the same herein as though fully realleged in detail.

11       82.    During the course of employment, Defendant, and each of them, failed to

12  prevent or remedy discrimination, retaliation and harassment toward Plaintiff on the basis

13  of her disability and participation in protected conduct in violation of *Government Code*

14  §12940(k).

15       83.    As a direct result of the wrongful conduct of Defendant, Plaintiff suffered,

16  and continues to suffer, substantial losses in earnings and other benefits in an amount

17  according to proof at the time trial, including special and general damages.

18       84.    As a direct, foreseeable, and proximate result of the wrongful conduct of

19  Defendant, Plaintiff has suffered and continues to suffer emotional distress and anguish,

20  humiliation, substantial losses in salary, bonuses, job benefits, and other employment

21  benefits which she would have received all to her damage in a sum within the jurisdiction

22  of the Court to be ascertained according to proof.

23       85.    Plaintiff is informed and believes and thereon alleges that the outrageous

24  conduct of Defendant, and each of them, as alleged herein, was done with oppression and

25  malice by Plaintiff's supervisors and managers, along with conscious disregard of

26  Plaintiff's rights, and were ratified by those other individuals who were managing agents

27  of Defendant.

28       86.    As a proximate result of the wrongful conduct of Defendant, and each of

Smaili & Associates, P.C.

1    them, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and
2    mental and physical pain and anguish according to proof at the time of trial.

3        87.    These unlawful acts were further encouraged by Defendant and done with a
4    conscious disregard for Plaintiff's rights and with the intent, design, and purpose of
5    injuring Plaintiff.   The conduct of Defendant alleged hereinabove was done with malice,
6    fraud or oppression, and in reckless disregard of Plaintiff's rights under California law.
7    As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

8        88.    Plaintiff has also incurred and continues to incur attorneys' fees and legal
9    expenses in an amount according to proof at the time of trial.

10                            **SIXTH CAUSE OF ACTION**
11                          **RETALIATION IN VIOLATION OF**
12                  **CALIFORNIA GOVERNMENT CODE §12940(h)**
13                            **(Against All Defendants)**

14       89.    Plaintiff refers to all allegations contained in paragraphs 1-88, inclusive,
15   and by such reference incorporates the same herein as though fully realleged in detail.

16       90.    At all times herein mentioned, FEHA, *Government Code* §12940(h), was in
17   full force and effect and was binding on Defendant.   This statute requires Defendant to
18   refrain from retaliating against Plaintiff.

19       91.    Plaintiff is informed and believes and thereon alleges that as a consequence
20   of lodging complaints with Defendants about the harassing and discriminatory acts being
21   committed against Plaintiff, coupled with Plaintiff's disability sustained while on-the-job
22   for which workers compensation coverage was required along with reasonable
23   accommodation, Defendant took retaliatory action against Plaintiff by failing to conduct a
24   good faith interactive process aimed at reuniting Plaintiff with her  job, failing to
25   determine the essential functions of Plaintiff's job, mistreat Plaintiff, and deny Plaintiff
26   advancement and promotion.

27       92.    Defendant unlawfully retaliated against Plaintiff after she engaged in
28   protected activity after being injured on the job, such as without limitation, filing or

Smaili & Associates, P.C.

1  intending to file for workers' compensation benefits due to safety concerns and
2  requesting accommodation, and, lodging workplace complaints related to the harassment
3  and discrimination that she was facing, and other complaints of a hostile and unsafe
4  working environment.

5      93.    As a proximate result of Defendant's willful, knowing, and intentional
6  conduct against Plaintiff, she has sustained and continues to sustain substantial losses in
7  her earnings and other employment benefits and continues to suffer humiliation,
8  emotional distress, and mental and physical pain an and anguish, and sleep dysfunction,
9  all to her damage in a sum according to proof.

10      94.    These unlawful acts were further encouraged by Defendant and done with a
11  conscious disregard for Plaintiff's rights and with the intent, design, and purpose of
12  injuring Plaintiff. In light of Defendant's willful, knowing, and intentional discrimination
13  against Plaintiff which culminated in her discharge, Plaintiff seeks an award of punitive
14  and exemplary damages in an amount according to proof.

15      95.    Plaintiff has incurred and continues to incur legal expenses and attorney
16  fees. Plaintiff is presently unaware of the precise amount of said expenses and fees and
17  prays leave of court to amend this Complaint when said amounts are more fully known.

18  **SEVENTH CAUSE OF ACTION**
19  **WRONGFUL TERMINATION**
20  **(Against All Defendants)**

21      96.    Plaintiff refers to all allegations contained in paragraphs 1-95, inclusive and
22  by such reference incorporates the same herein as though fully realleged in detail.

23      97.    Plaintiff informed Defendants that she suffered from disabilities. Further,
24  Defendants were aware of Plaintiff's requests for accommodation and complaints about
25  her workplace environment. Defendants were also aware that Plaintiff filed a worker's
26  compensation claim and sought medical treatment pursuant to the same.

27      98.    *Labor Code* §232.5 makes it illegal for an employer to prohibit an
28  employee from discussing their working conditions.

99.     *Labor Code* §6310 protects an employee's right to complain of unsafe working conditions.

100.    *Labor Code* §6400 requires employers to provide a work environment that is safe for its employees.

101.    *Gov't Code* §12940 et seq., prohibits forms of discrimination against protected classes of employees.

102.    Defendant wrongfully terminated Plaintiff in violation of a substantial and fundamental public policy in that a determining and motivating factor in Defendants' decision to terminate Plaintiff was the desire to retaliate against her because: (i) she had a disability and work restrictions, (ii) she requested and required reasonable accommodation, (iii) she required an interactive process, and (iv) she lodged complaints.

103.    Plaintiff is informed and believes and thereon alleges that these factors made up Defendants decision to terminate Plaintiff and/or played an important and integral role in said decision.  Such discrimination was in violation of the public policy of the State of California and resulted in damage and injury to Plaintiff as alleged herein.

104.    As a proximate result of Defendants willful, knowing, and intentional discrimination and retaliation against Plaintiff, she has sustained and continues to sustain substantial losses in her earnings and other employment benefits and continues to suffer humiliation, emotional distress, and mental and physical pain an and anguish, and loss of sleep/sleep dysfunction, all to her damage in a sum according to proof.

105.    In light of Defendants willful, knowing, and intentional discrimination against Plaintiff which resulted in her wrongful termination, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

## EIGHTH CAUSE OF ACTION

### FAILURE TO PROVIDE EMPLOYMENT RECORDS

### (Against All Defendants)

106.    Plaintiff refers to all allegations contained in paragraphs 1-105, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

107.   California Labor Code §1174, subdivision (c), requires employers doing business in the State of California to maintain payroll records and to keep these records in a central location in the State of California.

108.   California Labor Code §226, subdivisions (b) and (c), require employers doing business in the State of California to provide current and former employees access to their payroll records.

109.   California Labor Code §432, subdivision (b), requires employers doing business in the State of California to provide current and former employees copies of all written instruments they sign upon request.

110.   California Labor Code §1198.5 et seq., provides current and former employees the right to inspect their employee personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee.

111.   Plaintiff, via counsel, requested Defendants to provide Plaintiff with her employee personnel file and payroll records, and Defendants did not provide Plaintiff with inspection rights or complete copies of such records, in violation of the above-described statutes.

112.   As a result of Defendants' statutory violations alleged in this Complaint, Plaintiff suffered damages, in an amount to be determined according to proof at trial, costs, and attorney's fees.

113.   By reason of the foregoing, Plaintiff has been left without an adequate remedy at law, and should be entitled to appropriate injunctive relief from this Court, including, but not limited to, an order by the Court requiring Defendants to turn over copies of Plaintiff's employee personnel file and payroll records to Plaintiff or to provide Plaintiff access to these records as required by law.

114.   Plaintiff is entitled to costs and attorney's fees as provided by applicable law, including, but not limited to, California Labor Code §226 subdivisions (e), (f), and (h), and § 1198.5 subdivision (l).

115.   Plaintiff is entitled to penalties as provided by applicable law, including, but not limited to, California Labor Code §§ 226 subdivisions (e) and (f), and §1198.5 subdivision (k).

### NINTH CAUSE OF ACTION

### MEAL AND REST BREAK VIOLATIONS

### (Against All Defendants)

116.   Plaintiff refers to all allegations contained in paragraphs 1-115, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

117.   *Labor Code* §226.7(a) provides in pertinent part that, "No Employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

118.   *Labor Code* §512 provides in pertinent part that, "An employer may not employ an employee for a work period of more than five hours per work day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee."

119.   *Labor Code* §512 further provides in pertinent part that, "An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

120.   *Labor Code* §516 provides that the industrial Welfare Commission may adopt or amend working condition orders with respect to meal periods for any workers in California consistent with the health and welfare of those workers.

121.   Section 11(A) of the IWC Wage Order(s) provides that "Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal

period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

122. Section 11(B) of the IWC Wage Order(s) provides that "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

123. Likewise, the IWC Wage Order(s) and provisions of the Labor Code require that an employer relieve an employee of duty for a ten minute break for every four hours worked.

124. While employed by Defendants, and at all times relevant herein, Plaintiff consistently worked over five (5) hours per shift and therefore was entitled to an uninterrupted meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment, and, at least one rest break for every four hours worked.

125. At all times relevant herein, Plaintiff did not waive her meal periods and/or rest breaks, by mutual consent with Defendants or otherwise.

126. At all times relevant herein, Plaintiff did not enter into any written agreement with Defendants agreeing to an on-the-job paid meal period and/or rest break.

127. Defendants failed to comply with the rest and meal period requirements established by *Labor Code* §226.7, *Labor Code* §512, *Labor Code* §516 and Section 11 of the IWC Wage Order(s).

128. Pursuant to Section 11(B) of the IWC Wage Order(s) and *Labor Code* §226.7(b), which states in pertinent part that "if an employer fails to provide an employee a meal or rest period in accordance with an applicable order of the industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided," Plaintiff is entitled to damages in an amount equal to one (1) additional

1   hour of pay at Plaintiff's regular rate of compensation for each work day that the meal

2   period was not provided.

3       129.   Pursuant to *Labor Code* §218.6 and *Civil Code* §3287, Plaintiff seeks

4   recovery of pre-judgment interest on all amounts recovered herein.

5   **TENTH CAUSE OF ACTION**

6   **VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *ET SEQ.***

7   **(Against All Defendants)**

8       130.   Plaintiff refers to all allegations contained in paragraphs 1-129 inclusive,

9   and by such reference incorporates the same herein as though fully realleged in detail.

10       131.   Defendant, and each of them, have engaged in unfair and unlawful

11   business practices as set forth above.

12       132.   Business & Professions Code § 17200 *et seq.* prohibits unlawful and unfair

13   business practices.

14       133.   By engaging in the above-described acts and practices, Defendant, and each

15   of them, have committed one or more acts of unfair, unlawful or fraudulent competition

16   within the meaning of Business & Professions Code §17200 *et seq.*

17       134.   Defendant, and each of them, have violated statutes and public policies.

18   Through the conduct alleged in this Complaint, Defendant, and each of them, have acted

19   contrary to public policies and have engaged in other unlawful and unfair business

20   practices in violation of Business & Professions Code § 17200 *et seq.*, depriving Plaintiff

21   and all interested persons of rights, benefits, and privileges guaranteed to all employees

22   under law.

23       135.   As a direct and proximate result of the aforementioned acts and practices,

24   Plaintiff has suffered a loss of money and property in the form of wages and benefits that

25   she would have received as an employee of Defendant, and each of them.

26       136.   Plaintiff seeks an order of this Court awarding restitution, injunctive relief

27   and all other relief allowed under Business & Professions Code §17200 *et seq.*, plus

28   interest and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. For all actual, consequential, and incidental damages, including but not limited to loss of earnings and employee benefits, according to proof, but no less than three hundred thousand dollars;

2. For restitution for unfair competition pursuant to Business & Professions Code §17200 *et seq.*, resulting from Defendants' unlawful business acts and practices, according to proof;

3. For an order enjoining Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them, from acting in derogation of any rights or duties alleged in this Complaint;

4. For pre-judgment and post-judgment interest, according to proof;

5. For punitive and exemplary damages, according to proof;

6. For attorneys' fees, according to proof and statute;

7. For costs of suit incurred herein;

8. For such other relief and the Court may deem just and proper.

Dated: January 9, 2020                          **SMAILI & ASSOCIATES, P.C.**

By: */s/ Jihad M. Smaili*
Jihad M. Smaili, Esq.
Attorneys for Plaintiff

1

## DEMAND FOR JURY TRIAL

2      Plaintiff hereby requests a trial by jury.

3

4    Dated: January 9, 2020            **SMAILI & ASSOCIATES, P.C.**

5

6                      By:  */s/ Jihad M. Smaili*

7                           Jihad M. Smaili, Esq.
                               Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

# EXHIBIT "B"

1  RYAN L. EDDINGS, Bar No. 256519
   HYUN A. LEE, Bar No. 328220
2  LITTLER MENDELSON, P.C.
   5200 North Palm Avenue, Suite 302
3  Fresno, California 93704.2225
   Telephone:  559.244.7500
4  Facsimile.:  559.244.7525
   Email:     reddings@littler.com
5  Email:     HAlee@littler.com

6  Attorneys for Defendant
   FIRSTGROUP AMERICA, INC.

7

8           SUPERIOR COURT OF CALIFORNIA

9                COUNTY OF ORANGE

10 PAULA ROGERS, an individual,          Case No. 30-2020-01123040-CU-WT-CJC

11              Plaintiff,               **DEFENDANT'S GENERAL DENIAL AND
                                         AFFIRMATIVE DEFENSES TO
12      v.                               PLAINTIFF'S UNVERIFIED COMPLAINT**

13 FIRSTGROUP AMERICA, INC., a           Assigned For All Purposes to Judge Layne H.
   corporate entity form unknown; and DOES   Melzer
14 1-50, inclusive,

15              Defendants.              Trial Date:  TBD
                                         Complaint Filed:  January 9, 2020
16

17

18

19         Defendant FIRSTGROUP AMERICA, INC. ("Defendant"), answering the Complaint

20 of Plaintiff PAULA ROGERS ("Plaintiff") for itself alone and for no other Defendants, hereby

21 answers Plaintiff's unverified Complaint (the "Complaint") as follows:

22                          **<u>GENERAL DENIAL</u>**

23         Pursuant to the provisions of the California Code of Civil Procedure section 431.30(d),

24 Defendant denies generally and specifically each and every allegation contained in the Complaint.

25 Additionally, Defendant denies that Plaintiff has sustained, or will sustain, any loss or damage in the

26 manner or amount alleged, or otherwise, by reason of any act or omission, or any other conduct or

27 absence thereof on the part of said Defendant.

28 / / /

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Defendant's General Denial and Affirmative Defenses to Plaintiff's Unverified Complaint

**AFFIRMATIVE DEFENSES**

Without waiving or excusing the burden of proof of Plaintiff, or admitting that Defendant has any burden of proof or persuasion, and incorporating herein by reference each and every allegation made in the General Denial, Defendant asserts the following affirmative defenses. Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal facts in support of the following:

**FIRST AFFIRMATIVE DEFENSE**

1.      As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein fail to state facts sufficient to constitute a cause of action upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

2.      As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein are barred by the equitable doctrine of estoppel.

**THIRD AFFIRMATIVE DEFENSE**

3.      As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein are barred by the equitable doctrine of consent.

**FOURTH AFFIRMATIVE DEFENSE**

4.      As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein are barred by the equitable doctrine of laches.

**FIFTH AFFIRMATIVE DEFENSE**

5.      As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704 2225
559.244.7500

2.

Defendant's General Denial and Affirmative Defenses to Plaintiff's Unverified Complaint

alleges, that the Complaint and each cause of action set forth therein are barred by the equitable doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE

6.      As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein are barred by the equitable doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

7.      As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained against Defendant to the extent further investigation and discovery reveal any after-acquired evidence that bars any or certain remedies in this action.

### EIGHTH AFFIRMATIVE DEFENSE

8.      As a separate and distinct affirmative defense, and without admitting that Defendant employed Plaintiff, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained because Plaintiff was an at-will employee at all relevant times, with no entitlement to continued employment pursuant to California Labor Code section 2922.

### NINTH AFFIRMATIVE DEFENSE

9.      As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that Plaintiff's claims are barred by her failure to comply with the terms, conditions, covenants, and promises required to be performed by Plaintiff in accordance with the policy, or any other agreement or agreements, including but not limited to the applicable collective bargaining agreement(s).

### TENTH AFFIRMATIVE DEFENSE

10.      As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims for damages are barred, in whole or in part, by the doctrine of avoidable consequences.

### ELEVENTH AFFIRMATIVE DEFENSE

11.      As a separate and distinct affirmative defense, and without admitting that

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

3.

Defendant's General Denial and Affirmative Defenses to Plaintiff's Unverified Complaint

Defendant employed Plaintiff, Defendant alleges that the Complaint and each cause of action set forth therein are barred, in whole or in part, because Plaintiff's employer acted reasonably in good faith, in conformity with and in reliance on written administrative regulations, orders, rulings, guidelines, approvals, and/or interpretations of governmental agencies, and on the basis of a good-faith and reasonable belief that it had complied fully with applicable law.

## TWELFTH AFFIRMATIVE DEFENSE

12.     As a separate and distinct affirmative defense, and without admitting that Defendant employed Plaintiff, Defendant alleges that the Complaint and each cause of action set forth therein are barred, in whole or in part, because, even if any discriminatory, retaliatory, or otherwise unlawful motive existed in connection with any actions or omissions concerning Plaintiff (which Defendant denies), Plaintiff's employer would have engaged in the same conduct absent any alleged discriminatory, retaliatory, or otherwise unlawful motive.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     As a separate and distinct affirmative defense, and without admitting that Defendant employed Plaintiff, Defendant alleges that any unlawful or wrongful acts, if any, taken by Defendant's officers, directors, managing agents, and/or employees were outside the course and scope of their employment and authority, and such acts, if any, were not authorized, ratified, or condoned by Defendant, and Defendant did not know and/or should not have known of such conduct.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     As a separate and distinct affirmative defense, and without admitting that Defendant employed Plaintiff, Defendant alleges that the Complaint and some or all of the causes of action set forth therein cannot be maintained because any complained of acts or omissions were protected by the managerial privilege as all actions taken with respect to Plaintiff were undertaken and exercised with proper managerial discretion in good faith, and for legitimate, lawful reasons.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     As a separate and distinct affirmative defense, Defendant alleges, without admitting that Defendant engaged in any of the acts or omissions alleged in the Complaint, that any such acts or omissions purportedly taken by or on behalf of Defendant were taken in good faith as a

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

4.

Defendant's General Denial and Affirmative Defenses to Plaintiff's Unverified Complaint

1    result of business necessity, for lawful, legitimate, non-discriminatory, and non-retaliatory reasons

2    without malice, oppression, or fraud, and/or based on the relevant facts and circumstances known to

3    Defendant at the time it acted.

### SIXTEENTH AFFIRMATIVE DEFENSE

16.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred by Plaintiff's failure to exhaust all internal grievance and/or complaint procedures.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred by Plaintiff's failure to exhaust administrative remedies.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred, in whole or in part, to the extent that they exceed the scope of the charges made by Plaintiff before the California Department of Fair Employment and Housing and/or the Equal Employment Opportunity Commission, if any.

### NINETEENTH AFFIRMATIVE DEFENSE

19.     As a separate and distinct affirmative defense, and without admitting that Defendant employed Plaintiff, Defendant alleges that the Complaint and each cause of action set forth therein are barred, in whole or in part, because at all relevant times, (a) Plaintiff's employer acted in good faith and exercised reasonable care to prevent and promptly correct any discriminatory, retaliatory, or otherwise unlawful behavior (which Defendant denies occurred), including but not limited to promulgating and maintaining anti-discrimination, anti-retaliation and/or open-door policies with an internal grievance and/or complaint procedure, which were communicated to Plaintiff; (b) Plaintiff unreasonably failed to take advantage of the established internal grievance and/or complaint procedure and other preventive or corrective opportunities provided to her by her employer or to otherwise avoid harm; and (c) Plaintiff's reasonable use of her employer's procedures would have prevented at least some, if not all, of the purported harm that Plaintiff allegedly suffered.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

5.

Defendant's General Denial and Affirmative Defenses to Plaintiff's Unverified Complaint

**TWENTIETH AFFIRMATIVE DEFENSE**

20.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained against Defendant to the extent Plaintiff's claims are barred by the applicable statutes of limitations, including but not limited to those set forth in California Code of Civil Procedure sections 338(a), 339(1), and California Government Code sections 12960 and 12965.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21.     As a separate and distinct affirmative defense, Defendant alleges that some or all of Plaintiff's claims for damages cannot be maintained to the extent they are speculative.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained against Defendant to the extent the damages and losses alleged in the Complaint (which Defendant denies) were directly and proximately caused or contributed to by factors other than any act or omission on the part of Defendant, including but not limited to the intentional and/or negligent acts or omissions of Plaintiff and/or third parties, and that Plaintiff's recovery from Defendant, if any, must be denied or reduced accordingly.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

23.     As a separate and distinct affirmative defense, and without admitting that Defendant employed Plaintiff, Defendant alleges that Plaintiff is precluded from recovering punitive damages from Defendant, because (1) any actions, conducts, statements, or omissions alleged in the Complaint were not taken with advance knowledge, conscious disregard, authorization, or ratification of malice, oppression, or fraud on the part of Defendant or any officer, director, or managing agent thereof; (2) Defendant's good faith efforts to prevent discrimination, retaliation, and otherwise unlawful behavior bars any award of punitive damages; and (3) the Complaint and each cause of action set forth therein fail to plead facts sufficient to support the recovery of punitive damages under the applicable provisions of California Civil Code section 3294, or such other statutes of similar effect that may be applicable. (See Cal. Civ. Code, § 3294(b).)

/ / /

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704 2225
559.244.7500

6.

Defendant's General Denial and Affirmative Defenses to Plaintiff's Unverified Complaint

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is not entitled to recover punitive, exemplary and/or emotional distress damages on the grounds that any award of punitive, exemplary or emotional distress damages under California law in general, and/or as applied to the facts of this specific action, violates Defendant's constitutional rights under provisions of the United States and California Constitutions, including but not limited to the equal protection and due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution, the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment of the United States Constitution, and Article I, Sections 7 and 17 and Article IV, Section 16 of the California Constitution.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

25.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff has failed to state a claim upon which relief may be granted, which includes, *inter alia*, recovery of costs of suit, expert witness fees, attorneys' fees, punitive damages, prejudgment interests, special damages, exemplary damages, compensatory damages and injunctive relief.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

26.     As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that Plaintiff failed to exercise reasonable care to mitigate her damages, if any, and thus Plaintiff's recovery from Defendant, if any, must be denied or reduced to the extent Plaintiff failed to mitigate her damages.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

27.     As a separate and distinct affirmative defense, Defendant alleges that any recovery to which Plaintiff might otherwise allegedly be entitled must be offset, denied, or reduced by any benefits, monies, and compensations that Plaintiff has received or will receive from any other sources, including but not limited to disability and/or unemployment insurance, private insurance, pension benefits, workers' compensation, and any sums earned by Plaintiff in other employment.

/ / /

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

7.

Defendant's General Denial and Affirmative Defenses to Plaintiff's Unverified Complaint

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.    As a separate and distinct affirmative defense, and without admitting that Defendant employed Plaintiff, Defendant alleges that to the extent the Court may find that Plaintiff is a qualified individual with a disability under the Americans with Disabilities Act and/or the Fair Employment and Housing Act, and that there was an obligation to reasonably accommodate such disability, all reasonably available accommodations were provided to Plaintiff, except those that were unreasonable and/or would impose undue hardship.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

29.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims for damages are barred by the doctrine of set-off.

### THIRTIETH AFFIRMATIVE DEFENSE

30.    As a separate and distinct affirmative defense, Defendant alleges that if Plaintiff suffered any emotional distress (which Defendant denies), Plaintiff contributed to her own emotional distress, and by reason of her contribution, any remedy to which she might otherwise be entitled, must be denied or reduced.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

32.    As a separate and distinct affirmative defense, and without admitting that Defendant employed Plaintiff, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that Plaintiff's claims are barred by her own breach of the duties imposed under all applicable state and federal laws, including but not limited to California Labor Code sections 2854, 2856, 2858, and/or 2859.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

33.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained against Defendant to the extent Plaintiff initiated, intentionally induced, welcomed, voluntarily participated in, consented to, and/or approved of the alleged acts or omissions, if any, on which Plaintiff now bases her causes of action.

/ / /

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

8.

Defendant's General Denial and Affirmative Defenses to Plaintiff's Unverified Complaint

1

### THIRTY-THIRD AFFIRMATIVE DEFENSE

2      34.      As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's

3 claims for injunctive relief fail because, since Plaintiff is no longer employed, Plaintiff lacks standing

4 to pursue injunctive relief.

5

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

6      35.      As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's

7 claims seeking recovery in the form of restitution or injunctive relief under California Business and

8 Professions Code section 17200, *et seq.*, are barred with respect to any alleged violations that have

9 been discontinued, ceased, or are not likely to recur.

10

### <u>RESERVATION OF ADDITIONAL DEFENSES</u>

11      Defendant alleges that because the Complaint is couched in conclusory terms, all

12 affirmative defenses that may be applicable cannot be fully anticipated.  Accordingly, the right to

13 assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable,

14 is reserved.  In addition, Defendant reserves the right to amend this Answer should Defendant later

15 discover facts demonstrating the existence of new and/or additional affirmative defenses, and/or

16 should a change in the law support the inclusion of new and/or additional affirmative defenses.

17

### <u>JURY DEMAND</u>

18      Defendant requests trial by jury on all causes of action triable to a jury.

19

### <u>PRAYER</u>

20      WHEREFORE, DEFENDANT PRAYS FOR JUDGMENT AS FOLLOWS:

21      1.      That Plaintiff takes nothing by the way of the Complaint on file herein;

22      2.      That judgment be awarded in favor of Defendant;

23      3.      That Plaintiff's Complaint be dismissed in its entirety as to Defendant;

24      4.      That Defendant be awarded all costs of suit incurred by it in this action;

25      5.      That Defendant be awarded its reasonable attorneys' fees; and

26      6.      For such other and further relief as the Court may deem just and proper.

27 / / /

28 / / /

Defendant's General Denial and Affirmative Defenses to Plaintiff's Unverified Complaint

1   Dated:  December 28, 2020

2

3                                                    _____

4                                                    RYAN L. EDDINGS
                                                     HYUN A. LEE
5                                                    LITTLER MENDELSON, P.C.
                                                     Attorneys for Defendant
6                                                    FIRSTGROUP AMERICA, INC.

7   4834-1113-3909.1

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10.

Defendant's General Denial and Affirmative Defenses to Plaintiff's Unverified Complaint

1

## PROOF OF SERVICE

2     I am a resident of the State of California, over the age of eighteen years, and not a
party to the within action. My business address is 5200 North Palm Avenue, Suite 302, Fresno,
3     California 93704.2225. On December 28, 2020, I served the within document(s):

4     ***DEFENDANT'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
UNVERIFIED COMPLAINT***

5

6     ☒     **By electronic service.**  Based on a court order or an agreement of the parties to
accept electronic service, I caused the documents to be sent to the persons at the
7           electronic service addresses listed below.

8

9     Jihad M. Smaili, Esq.
SMAILI & ASSOCIATES, PC
Civic Center Plaza Towers
10    600 W. Santa Ana Blvd., Suite 292
Santa Ana, CA 92701
11    Tel: (714) 547-4700
Fax (714) 547-4710
12    Email: jihad@smaililaw.com

13

14

15    I declare under penalty of perjury under the laws of the State of California that the
above is true and correct.  Executed on December 28, 2020, at Fresno, California.

16

17

18    _____
Lisa Hammond

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

PROOF OF SERVICE

# EXHIBIT "C"

Case 8:20-cv-02449-CJC-JDE   Document 1   Filed 12/31/20   Page 47 of 60   Page ID #:47
Electronically Filed by Superior Court of California, County of Orange, 11/12/2020 03:19:00 PM.
30-2020-01123040-CU-WT-CJC - ROA # 18 - DAVID H. YAMASAKI, Clerk of the Court By Kari Frumento, Deputy Clerk.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FIRSTGROUP AMERICA, INC., a corporate entity form unknown; and DOES 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

PAULA ROGERS, an individual;

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* CENTRAL JUSTICE CENTER<br>700 Civic Center Drive West<br>Santa Ana, CA 92701 | CASE NUMBER: *(Número del Caso):*<br>30-2020-01123040-CU-WT-CJC<br><br>Judge Layne H. Melzer |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):* 714-547-4700;

Jihad M. Smaili, Esq.; SBN: 262219; Civic Center Plaza Towers; 600 W. Santa Ana Blvd., Suite 202; Santa Ana, CA 92701

| DATE:<br>*(Fecha)* 11/12/2020 | David H. Yamasaki, Clerk of the Court | Clerk, by<br>*(Secretario)* Kari Frumento | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

Kari Frumento

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* FirstGroup America, Inc.
   under: [X] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)        [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [ ] by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

Electronically Filed by Superior Court of California, County of Orange, 01/09/2020 05:47:47 PM.
30-2020-01123040-CU-WT-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By Robert Renison, Deputy Clerk. CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Jihad M. Smaili, Esq. [262219]<br>SMAILI & ASSOCIATES, PC<br>Civic Center Plaza Towers 600 W. Santa Ana Blvd., Suite 202<br>Santa Ana, California 92701<br>TELEPHONE NO.: 714-547-4700   FAX NO.: 714-547-4710<br>ATTORNEY FOR *(Name):* Paula Rogers | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

CASE NAME:
PAULA ROGERS v. FIRSTGROUP AMERICA, INC., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>30-2020-01123040-CU-WT-CJC |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Judge Layne H. Melzer<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive

4. Number of causes of action *(specify):* 9

5. This case [ ] is [✓] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 9, 2019

Jihad M. Smaili, Esq.
_____   _____
(TYPE OR PRINT NAME)   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]     **CIVIL CASE COVER SHEET**     Page 2 of 2

# EXHIBIT "D"

1  RYAN L. EDDINGS, Bar No. 256519
   HYUN A. LEE, Bar No. 328220
2  LITTLER MENDELSON, P.C.
   5200 North Palm Avenue, Suite 302
3  Fresno, California  93704.2225
   Telephone:   559.244.7500
4  Facsimile.:   559.244.7525
   Email:       reddings@littler.com
5                halee@littler.com

6
   Attorneys for Defendant
7  FIRSTGROUP AMERICA, INC.

8
                    SUPERIOR COURT OF CALIFORNIA
9
                        COUNTY OF ORANGE
10
   PAULA ROGERS, an individual,          Case No.  30-2020-01123040-CU-WT-CJC
11
                    Plaintiff,           **DEFENDANT FIRSTGROUP AMERICA,
12                                        INC.'S NOTICE TO PLAINTIFF OF
        v.                                REMOVAL OF CIVIL ACTION TO
13                                        FEDERAL COURT**

   FIRSTGROUP AMERICA, INC., a
14 corporate entity form unknown; and DOES **Federal Court Case No.**
   1-50, inclusive,
15                                        Assigned For All Purposes to Judge Layne H.
                    Defendants.          Melzer
16
                                         Trial Date:  TBD
17                                       Complaint Filed:  January 9, 2020

18

19             TO PLAINTIFF AND TO PLAINTIFF'S COUNSEL OF RECORD:

20             PLEASE  TAKE  NOTICE  that  on  December  31,  2020,  Defendant  FIRSTGROUP

21 AMERICA, INC. ("Defendant"), filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and

22 1446, in the United States District Court for the Central District of California. A true and correct copy

23 of Defendant's Notice of Removal is attached hereto as Exhibit 1.

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

Defendant FirstGroup America, Inc.'s Notice to Plaintiff of Removal of Civil Action to Federal Court

1   Dated:  December 31, 2020

2

3                                                        _____
                                                         RYAN L. EDDINGS
4                                                        HYUN A. LEE
                                                         LITTLER MENDELSON, P.C.
5                                                        Attorneys for Defendant
                                                         FIRSTGROUP AMERICA, INC.
6
    4846-1222-8053.1 070993.1178
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

2.

Defendant FirstGroup America, Inc.'s Notice to Plaintiff of Removal of Civil Action to Federal Court

1

**PROOF OF SERVICE**

2       I am a resident of the State of California, over the age of eighteen years, and not a
party to the within action. My business address is 5200 North Palm Avenue, Suite 302, Fresno,
3   California 93704.2225. On December 31, 2020, I served the within document(s):

4   ***DEFENDANT FIRSTGROUP AMERICA, INC.'S NOTICE TO PLAINTIFF OF REMOVAL
OF CIVIL ACTION TO FEDERAL COURT***

5

6   ☒       **By electronic service.**  Based on a court order or an agreement of the parties to
accept electronic service, I caused the documents to be sent to the persons at the
7            electronic service addresses listed below.

8

9   Jihad M. Smaili, Esq.
SMAILI & ASSOCIATES, PC
10  Civic Center Plaza Towers
600 W. Santa Ana Blvd., Suite 292
Santa Ana, CA 92701
11  Tel: (714) 547-4700
Fax (714) 547-4710
12  Email: jihad@smaililaw.com

13

14

15      I declare under penalty of perjury under the laws of the State of California that the
above is true and correct.  Executed on December 31, 2020, at Fresno, California.
16

17

18  _____
Lisa Hammond
19

20

21

22

23

24

25

26

27

28

# EXHIBIT "E"

1   RYAN L. EDDINGS, Bar No. 256519
    HYUN A. LEE, Bar No. 328220
2   LITTLER MENDELSON, P.C.
    5200 North Palm Avenue, Suite 302
3   Fresno, California  93704.2225
    Telephone:   559.244.7500
4   Facsimile.:   559.244.7525
    Email:        reddings@littler.com
5                 halee@littler.com

6
    Attorneys for Defendant
7   FIRSTGROUP AMERICA, INC.

8                    SUPERIOR COURT OF CALIFORNIA

9                        COUNTY OF ORANGE

10

11  PAULA ROGERS, an individual,          Case No.  30-2020-01123040-CU-WT-CJC

12          Plaintiff,                     **DEFENDANT FIRSTGROUP AMERICA,
                                           INC.'S NOTICE TO STATE COURT OF
13      v.                                 REMOVAL OF CIVIL ACTION TO
                                           FEDERAL COURT**
    FIRSTGROUP AMERICA, INC., a
14  corporate entity form unknown; and DOES   **Federal Court Case No.**
    1-50, inclusive,
15                                          Assigned For All Purposes to Judge Layne H.
            Defendants.                     Melzer
16
                                            Trial Date:  TBD
17                                          Complaint Filed:  January 9, 2020

18

19          TO THE CLERK OF THE ABOVE-TITLED COURT:

20          PLEASE TAKE NOTICE that on December 31, 2020, the above-captioned matter was

21  removed from the Superior Court of the State of California, County of Orange, where it was previously

22  pending, to the United States District Court for the Central District of California, pursuant to 28 U.S.C.

23  §§ 1332, 1441, and 1446. A copy of the Notice of Removal filed by Defendant FIRSTGROUP

24  AMERICA, INC. is attached hereto as Exhibit 1.

25          PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446(d), the filing

26  of a Notice of Removal in the United States District Court, together with the filing of a copy of a

27  Notice of Filing Notice of Removal with this Court, effects the removal of this action, and this Court

28  may proceed no further unless and until the case is remanded.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

Defendant FirstGroup America, Inc.'s Notice to State Court of Removal of Civil Action to Federal Court

1    Dated:  December 31, 2020

2

3

4                                                 RYAN L. EDDINGS
                                                HYUN A. LEE

5                                                 LITTLER MENDELSON, P.C.
                                                Attorneys for Defendant

6                                                 FIRSTGROUP AMERICA, INC.

4814-7377-4549.1 070993.1178

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704 2225
559.244.7500

2.

1

**PROOF OF SERVICE**

2

      I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 5200 North Palm Avenue, Suite 302, Fresno, California 93704.2225. On December 31, 2020, I served the within document(s):

3

4

*DEFENDANT FIRSTGROUP AMERICA, INC.'S NOTICE TO STATE COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT*

5

6

☒    **By electronic service.**  Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed below.

7

8

Jihad M. Smaili, Esq.

9

SMAILI & ASSOCIATES, PC
Civic Center Plaza Towers

10

600 W. Santa Ana Blvd., Suite 292
Santa Ana, CA 92701

11

Tel: (714) 547-4700
Fax (714) 547-4710

12

Email: jihad@smaililaw.com

13

14

15

      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on December 31, 2020, at Fresno, California.

16

17

18

_____
               Lisa Hammond

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "F"

 **California Secretary of State**
Electronic Filing



## Corporation - Statement of Information

| | |
|---|---|
| Entity Name: | FIRSTGROUP AMERICA, INC. |

| | |
|---|---|
| Entity (File) Number: | C3159595 |
| File Date: | 07/23/2020 |
| Entity Type: | Corporation |
| Jurisdiction: | DELAWARE |
| Document ID: | GH19126 |

**Detailed Filing Information**

1. Entity Name:

   FIRSTGROUP AMERICA, INC.

2. Business Addresses:

   a. Street Address of Principal Office in California:

   b. Mailing Address:

   600 Vine Street Suite 1400
   Cincinnati, Ohio 45202
   United States of America

   c. Street Address of Principal Executive Office:

   600 Vine Street Suite 1400
   Cincinnati, Ohio 45202
   United States of America

3. Officers:

   a. Chief Executive Officer:

   Vacant  Vacant
   600 Vine Street Suite 1400
   Cincinnati, Ohio 45202
   United States of America

   b. Secretary:

   Michael L. Petrucci
   600 Vine Street Suite 1400
   Cincinnati, Ohio 45202
   United States of America

*Use bizfile.sos.ca.gov for online filings, searches, business records, and resources.*

Document ID: GH19126

**California Secretary of State**
Electronic Filing

Officers (cont'd):

   c.  Chief Financial Officer:

Scott  Spivey
600 Vine Street Suite 1400
Cincinnati, Ohio 45202
United States of America

4.  Director:

Not Applicable

Number of Vacancies on the Board of Directors:

Not Applicable

5.  Agent for Service of Process:

C T CORPORATION SYSTEM
(C0168406)

6.  Type of Business:

Provides shared services to transit related companies

By signing this document, I certify that the information is true and correct and that I am authorized by California law to sign.

Electronic Signature:   Mandy Hendricks

*Use bizfile.sos.ca.gov for online filings, searches, business records, and resources.*

Document ID: GH19126