# EXHIBIT "A"

Electronically Filed by Superior Court of California, County of Orange, 01/09/2020 05:47:47 PM.
30-2020-01123040-CU-WT-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Robert Renison, Deputy Clerk.

1   Jihad M. Smaili, Esq. [262219]
    **SMAILI & ASSOCIATES, PC**
2   Civic Center Plaza Towers
    600 W. Santa Ana Blvd., Suite 202
3   Santa Ana, California 92701
    714-547-4700
4   714-547-4710 (facsimile)
    jihad@smaililaw.com
5
6   Attorneys for Plaintiff
7
8               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9                       **FOR THE COUNTY OF ORANGE**
10  PAULA ROGERS, an individual;          )   Case No.:
                                          )   Assigned for all purposes to the
11              Plaintiff,                )
                                          )
12                                        )
        v.                                )
13                                        )   **COMPLAINT:**
14  FIRSTGROUP AMERICA, INC., a           )   1. Discrimination in Violation of Gov. Code
    corporate entity form unknown; and    )      §12940 *et seq.*
15  DOES 1-50, inclusive,                 )   2. Age Discrimination in Violation of Gov.
                                          )      Code §12940 *et seq.*
16              Defendants.               )   3. Failure to Accommodate in Violation of Gov.
                                          )      Code § 12940(m)
17                                        )   4. Failure to Engage in Interactive Process in
                                          )      Violation of Gov. Code § 12940(n)
18                                        )   5. Failure to Prevent Discrimination in
                                          )      Violation of Gov. Code § 12940(k)
19                                        )   6. Retaliation in Violation of Gov. Code
                                          )      §12940(h)
20                                        )   7. Wrongful Termination
                                          )   8. Meal and Rest Break Violations
21                                        )   9. Violation of Business & Professions Code
                                          )      § 17200 *et seq.*
22                                        )
                                          )   **DEMAND FOR JURY TRIAL**
23                                        )   **UNLIMITED JURISDICTION**
24                                        )
                                          )
25                                        )
                                          )
26                                        )
27
28

---

COMPLAINT

1

Plaintiff Paula Rogers (hereinafter "Plaintiff" and/or "Rogers") alleges as follows:

## THE PARTIES

1.    At all times mentioned herein, and at the time the causes of action arose, Plaintiff was and is an individual.

2.    Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, Defendant FirstGroup America, Inc. ("FGA"), is a corporate entity, form unknown, regularly conducting business in the State of California, and specifically, in the County of Orange.  Plaintiff is further informed and believes and thereon alleges that FGA was transacting business in the County of Orange, State of California, at the time claims of Plaintiff arose.  At all times relevant, FGA was an employer within the meaning of *Government Code* §12926(d) and as such was barred from, *inter alia*, harassing, discriminating or retaliating against Plaintiff in personnel, scheduling, employment, promotion, advancement, retention, hiring, terminating and other decisions relating to Plaintiff's employment on the basis of age, race, physical disability or medical condition, participation in protected activity, and other immutable characteristics.

3.    The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1—50, inclusive, are currently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff will seek leave to amend this complaint to show their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each Defendant named herein as a DOE was responsible in some manner for the occurrences and damages alleged herein.

4.    Each reference in this complaint to "Defendant" and/or "Defendants" refers to FGA, and also refers to all Defendants sued under fictitious names, jointly and severally.

5.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings, and circumstances alleged in this Complaint.    Plaintiff is further informed and believes and thereon alleges that

1  Defendants, and each of them, proximately subjected Plaintiff to the unlawful practices,
2  wrongs, complaints, injuries and/or damages alleged in this Complaint.  Likewise,
3  Defendants, and each of them are now and/or at all times mentioned in this Complaint
4  were the agents, servants and/or employees of some or all other Defendants, and vice-
5  versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all
6  times mentioned in this Complaint were acting within the course and scope of that
7  agency, servitude and/or employment.

8          6.     Plaintiff is informed and believes and thereon alleges that Defendants, and
9  each of them, are now and/or at all times mentioned in this Complaint were members of
10 and/or engaged in a joint venture, partnership and common enterprise, and were acting
11 within the course and scope of, and in pursuance of said joint venture, partnership and
12 common enterprise.

13         7.     Plaintiff is informed and believes and thereon alleges that Defendants, and
14 each of them, at all times mentioned in this Complaint, concurred and contributed to the
15 various acts and omissions of each and every one of the other Defendants in proximately
16 causing the complaints, injures and/or damages alleged in this Complaint.  Plaintiff is
17 further informed and believes and thereon alleges that Defendants, and each of them, at
18 all times mentioned in this Complaint, approved of condoned and/or otherwise ratified
19 each and every one of the acts and/or omissions alleged in this Complaint.  Likewise,
20 Defendants, and each of them, at all times mentioned in this Complaint aided and abetted
21 the acts and omissions of each and every one of the other Defendants thereby proximately
22 causing the damages alleged in this Complaint.

23         8.     Plaintiff is informed and believes and thereon alleges that at all actions
24 alleged herein committed by Defendants were committed by managing agents of
25 Defendants, or, such conduct was known by and/or ratified by managing agents of
26 Defendants.

27
28

COMPLAINT

3

1

## VENUE AND JURISDICTION

2        9.     Venue is proper in this county and this Court has jurisdiction over this

3   matter because Defendants operate out of Anaheim, California, and, all of the claims and

4   causes of action alleged herein occurred and accrued in the County of Orange, State of

5   California.

6

## FACTUAL BACKGROUND

7        10.    On or about February 1, 2016, Defendant hired Plaintiff as a Bus Driver.

8   Initially, her job duties included, but were not limited to, driving a bus. She was later

9   promoted to Maintenance Clerk. At which point, her job duties expanded to maintenance

10   work and the enforcement of company rules. Plaintiff earned an hourly wage of $15.30.

11        11.    Throughout her time employed with Defendant, Plaintiff was repeatedly

12   subjected to discrimination and harassment, on account of her sex, as she tried to

13   complete her job duties.

14        12.    Upon information and belief, Defendant's employees were allowed defy

15   Plaintiff's instructions on the job. For instance, on numerous occasions she tried to

16   enforce Respondent's rules regarding clocking in and out and reported one employee,

17   "Carlos" for not doing so properly. In response, Carlos, with the help of Respondent's

18   agent, Rick Vargas ("Vargas") retaliated against her.

19        13.    Plaintiff complained to Defendant about the harassment and retaliation. She

20   also complained to her supervisor, Vargas, to express her need for support. Plaintiff told

21   Vargas, through sobs, that she was depressed and needed support to do her job. At one

22   point, she complained to a co-worker, "Lenny," that she had been experiencing

23   harassment from individuals at work. He responded, "You should quit, this job isn't

24   worth all the stress and anxiety." Though Defendant was aware of what Plaintiff's

25   worsening disability, Defendant did not engage with her in a good faith interactive

26   process, nor did they offer her accommodation.

27        14.    On or about October 22, 2018, Plaintiff sustained an injury to her right

28   ankle that required surgery. She was placed off work by her doctor from October 22,

COMPLAINT

4

1 | 2018 through March 2019. Plaintiff was not able to go to work because of her injury. In

2 | fact, her injury was so severe that following her surgery, Plaintiff was transferred to a

3 | rehabilitation center so that she could relearn to walk.

4 |     15.    During her medical leave, Plaintiff also consulted with a psychiatrist

5 | because of her work-related depression. Her psychiatrist also took her off work through

6 | August 2019. However, on January 30, 2019, Defendant terminated Plaintiff.

7 |     16.    Plaintiff is informed and believes she was terminated, in part, on the basis

8 | of her disabilities. Plaintiff is also informed and believes that she was terminated on the

9 | basis of her age and sex.

10 |     17.    Further, throughout Plaintiff's employment, she was not provided 10-

11 | minute rest breaks for every 4 hours she worked.

12 |     18.    Upon information and belief, Plaintiff was discriminated against, harassed,

13 | retaliated against, and ultimately terminated for reporting a work-related injury, for

14 | perceived filing/filing for workers' compensation, for requesting CFRA/FMLA leave, her

15 | age, and for complaining about her work environment. Further, Defendant refused to

16 | engage in a good-faith interactive process and refused to offer any accommodation.

17 |     19.    Before filing this lawsuit, Plaintiff exhausted her administrative remedies

18 | by timely filing a complaint with the Department of Fair Employment and Housing

19 | (DFEH) and receiving a right-to-sue notice, dated October 30, 2019.

20 | **FIRST CAUSE OF ACTION**

21 | **DISCRIMINATION IN VIOLATION OF**

22 | **CALIFORNIA GOVERNMENT CODE § 12940 *ET SEQ.***

23 | **(Against All Defendants)**

24 |     20.    Plaintiff refers to all allegations contained in paragraphs 1-19, inclusive and

25 | by such reference incorporates the same herein as though fully realleged in detail.

26 |     21.    California law, and particularly the Fair Employment and Housing Act

27 | ("FEHA"), codified at *Government Code* §12900 *et seq.*, prohibits discrimination against

28 | persons with a physical condition or disability, which is broadly defined therein, and

1    which includes even the perception that a person has a medical or mental condition
2    and/or physical condition or disability.  FEHA further prohibits discrimination based
3    upon, *inter alia*, age, race, gender, sexual orientation, national origin, pregnancy and
4    other immutable characteristics.

5           22.     Plaintiff is a 58 year old, disabled woman as alleged above.

6           23.     Defendant was aware of Plaintiff's disability, as herein alleged, because
7    Plaintiff specifically reported said disability directly to Defendant via Defendant's
8    supervisors and managing agents.

9           24.     At all times herein alleged, Plaintiff was qualified for the position of
10   employment that she held with Defendant and was able to perform the essential functions
11   of that job.

12          25.     Plaintiff is informed and believes and thereon alleges that as a direct and
13   proximate result of Plaintiff's disability, Defendant refused to engage Plaintiff in an
14   interactive process, refused to communicate with Plaintiff, refused to accommodate
15   Plaintiff's medical restrictions, denied Plaintiff opportunity for advancement, promotion
16   and the ability to earn a living, and terminated Plaintiff.

17          26.     Defendant's discriminatory action against Plaintiff, as alleged above,
18   constitutes unlawful discrimination in employment on account of Plaintiff's disability in
19   violation of FEHA, and particularly *Gov't Code* §12940(a).

20          27.     As a direct, foreseeable, and proximate result of Defendant's discriminatory
21   action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has
22   suffered the loss of wages, salary, benefits, the potential for advancement, and additional
23   amounts of money Plaintiff would have received but for Defendants' discriminatory
24   conduct, all in an amount subject to proof at the time of trial, but believed to be no less
25   than three hundred thousand dollars.

26          28.     As a direct, foreseeable, and proximate result of the wrongful conduct of
27   Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional
28   distress and anguish, humiliation, anxiety, and medical expenses all to her damage in an

Smaili & Associates, P.C.

COMPLAINT

6

1   amount subject to proof at trial.

2       29.    Plaintiff is informed and believes and thereon alleges that the above-alleged

3   actions of Defendant were the result and consequence of Defendant's failure to supervise,

4   control, direct, manage, and counsel those agents throughout Plaintiff's employment and

5   that Defendant ratified, condoned and/or encouraged the discriminatory behavior and

6   enabled agents to believe that their conduct was appropriate.

7       30.    Defendant, and each of them, failed to offer counseling or comfort to

8   Plaintiff and sent the unmistakable message that such conduct is appropriate in the

9   workplace.

10      31.    Plaintiff is informed and believes and thereon alleges that Defendant has a

11  systemic and wide-spread policy of discriminating against and retaliating against

12  employees with disabilities.  By failing to stop the discrimination, harassment and

13  retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn,

14  directly caused a vicious cycle of wrongful conduct with impunity.

15      32.    Plaintiff is informed and believes and thereon alleges that her disability was

16  a motivating factor in the decision of Defendant to discriminate against her and terminate

17  her.

18      33.    The outrageous conduct of Defendant, and each of them, as alleged herein,

19  was done with oppression and malice by Defendant and its supervisors and managers,

20  along with conscious disregard of Plaintiff's rights, and were ratified by those other

21  individuals who were managing agents of Defendant.

22      34.    The conduct of Defendant as alleged hereinabove was done with malice,

23  fraud or oppression, and in reckless disregard of Plaintiff's rights under California law.

24  As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

25      35.    Plaintiff also continues to incur attorneys' fees and legal expenses in an

26  amount according to proof at the time of trial which fees and expenses are recoverable

27  pursuant to *Gov't Code* §12900 *et seq.*

28

COMPLAINT

7

1

## SECOND CAUSE OF ACTION

2

### AGE DISCRIMINATION

3

### IN VIOLATION OF GOV. CODE § 12940 ET SEQ.

4

### (Against all Defendants)

5        36.    Plaintiff refers to all allegations contained in paragraphs 1-35, inclusive and

6    by such reference incorporates the same herein as though fully realleged in detail.

7        37.    At all times herein mentioned, Gov't Code §§12940(a) and 12941 were in

8    full force and effect and were binding on Defendant.  These sections require Defendant to

9    refrain from discriminating against any employee over the age of 40 because of their age.

10       38.    At the time of Plaintiff's injury and at the time of Plaintiff's termination,

11   and at all times that Defendant was discriminating against Plaintiff as alleged herein,

12   Plaintiff was over the age of 40.  Plaintiff is informed and believes and thereon alleges

13   that after years of wholly satisfactory, competent and diligent performance to the profit of

14   Defendants, that Plaintiff's age, being over 40, was a motivating factor in Defendants'

15   decision to terminate Plaintiff's employment. Said conduct by Defendants was intentional

16   and willful.

17       39.    Plaintiff is informed and believes and thereon alleges that Plaintiff was

18   replaced with an employee below the age of 40.

19       40.    Defendant was aware of Plaintiff's age, as herein alleged, because Plaintiff

20   maintained Plaintiff's personnel file which specifically contained the date of Plaintiff's

21   birth and her corresponding age.

22       41.    At all times herein alleged, Plaintiff was qualified for the position of

23   employment that she held with Defendant and was able to perform the essential functions

24   of that job.

25       42.    Plaintiff is informed and believes and thereon alleges that as a direct and

26   proximate result of Plaintiff's age, Defendant decided to terminate Plaintiff's

27   employment, and in fact, did terminate Plaintiff's employment.

28       43.    Defendants' discriminatory action against Plaintiff, as alleged above,

Smaili & Associates, P.C.

COMPLAINT

8

1    constitutes unlawful discrimination in employment on account of Plaintiff's age in

2    violation of FEHA, and particularly Gov't Code §12940.

3        44.    As a direct, foreseeable, and proximate result of Defendants' discriminatory

4    action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has

5    suffered the loss of wages, salary, benefits, the potential for advancement, and additional

6    amounts of money Plaintiff would have received but for Defendant's discriminatory

7    conduct, all in an amount subject to proof at the time of trial.

8        45.    As a direct, foreseeable, and proximate result of the wrongful conduct of

9    Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional

10   distress and anguish, humiliation, anxiety, and medical expenses all to her damage in an

11   amount subject to proof at trial.

12       46.    Plaintiff is informed and believes and thereon alleges that the above-alleged

13   actions of Defendant were the result and consequence of Defendant's failure to supervise,

14   control, direct, manage, and counsel those agents throughout Plaintiff's employment and

15   that Defendant ratified, condoned and/or encouraged the discriminatory behavior and

16   enabled agents to believe that their conduct was appropriate.

17       47.    Defendants, and each of them, failed to offer counseling or comfort to

18   Plaintiff and sent the unmistakable message that such conduct is appropriate in the

19   workplace.

20       48.    Plaintiff is informed and believes and thereon alleges that Defendant has a

21   systemic and wide-spread policy of discriminating against and retaliating against

22   employees over the age of 40.  By failing to stop the discrimination, harassment and

23   retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn,

24   directly caused a vicious cycle of wrongful conduct with impunity.

25       49.    The outrageous conduct of Defendant, and each of them was done with

26   oppression and malice by Defendant and its supervisors and managers, along with

27   conscious disregard of Plaintiff's rights, and were ratified by those other individuals who

28   were managing agents of Defendant.

1    50.    Plaintiff also continues to incur attorneys' fees and legal expenses in an

2  amount according to proof at the time of trial which fees and expenses are recoverable

3  pursuant to Gov't Code §12900 et seq.

4                              **THIRD CAUSE OF ACTION**

5               **FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF**

6                    **CALIFORNIA GOVERNMENT CODE § 12940(m)**

7                              **(Against All Defendants)**

8    51.    Plaintiff refers to all allegations contained in paragraphs 1-50, inclusive and

9  by such reference incorporates the same herein as though fully realleged in detail.

10   52.    Plaintiff has a disability as alleged above.

11   53.    Defendant was aware of Plaintiff's disability, as alleged above and herein.

12   54.    Defendant failed and refused to accommodate Plaintiff's needs, and, failed

13  and refused to engage in an interactive process with Plaintiff, and, failed to address

14  Plaintiff's needs in light of her disabilities.

15   55.    At all times herein alleged, Plaintiff was qualified for the position of

16  employment that she held with Defendant and was able to perform the essential functions

17  of that job if such reasonable accommodation had been made by Defendant.  At no time

18  would the performance of the functions of the employment position, with a reasonable

19  accommodation for Plaintiff's disabilities, have been a danger to Plaintiff's or any other

20  person's health or safety, nor would it have created an undue hardship to the operation of

21  Defendant's business.

22   56.    Defendant's failure to accommodate Plaintiff, as alleged above, constitutes

23  unlawful conduct in employment in violation of FEHA, and particularly *Gov't Code*

24  §12940.

25   57.    As a direct, foreseeable, and proximate result of Defendant's wrongful

26  conduct against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has

27  suffered the loss of wages, salary, benefits, the potential for advancement, and additional

28  amounts of money Plaintiff would have received but for Defendant's wrongful conduct,

1 in an amount of at least three hundred thousand dollars, all subject to proof at the time of

2 trial.

3      58.    As a direct, foreseeable, and proximate result of the wrongful conduct of

4 Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional

5 distress and anguish, humiliation, anxiety, and medical expenses all to her damage in an

6 amount subject to proof at trial.

7      59.    Plaintiff is informed and believes and thereon alleges that the above-alleged

8 actions of Defendant were the result and consequence of Defendant's failure to supervise,

9 control, direct, manage, and counsel those agents throughout Plaintiff's employment and

10 that Defendant ratified, condoned and/or encouraged the discriminatory behavior and

11 enabled agents to believe that their conduct was appropriate.

12      60.    Defendant, and each of them, failed to offer counseling or comfort to

13 Plaintiff and sent the unmistakable message that such conduct is appropriate in the

14 workplace.

15      61.    Plaintiff is informed and believes and thereon alleges that Defendant has a

16 systemic and wide-spread policy of discriminating against and retaliating against

17 employees with disabilities.  By failing to stop the discrimination, harassment and

18 retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn,

19 directly caused a vicious cycle of wrongful conduct with impunity.

20      62.    Plaintiff is informed and believes and thereon alleges that Defendant's

21 desire to avoid accommodating Plaintiff was a motivating factor in the decision of

22 Defendant to discriminate against her and ultimately terminate her.

23      63.    The outrageous conduct of Defendant, and each of them, as alleged herein,

24 was done with oppression and malice by Defendant and its supervisors and managers,

25 along with conscious disregard of Plaintiff's rights, and were ratified by those other

26 individuals who were managing agents of Defendant.

27      64.    The conduct of Defendant as alleged hereinabove was done with malice,

28 fraud, or oppression, and in reckless disregard of Plaintiff's rights under California law.

1  As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

2      65.    Plaintiff also continues to incur attorneys' fees and legal expenses in an

3  amount according to proof at the time of trial which fees and expenses are recoverable

4  pursuant to *Gov't Code* §12900 *et seq.*

5  ## FOURTH CAUSE OF ACTION

6  ## FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN

7  ## VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940(n)

8  ### (Against All Defendants)

9      66.    Plaintiff refers to all allegations contained in paragraphs 1-65, inclusive and

10  by such reference incorporates the same herein as though fully realleged in detail.

11      67.    Plaintiff has a disability as alleged above.

12      68.    Defendant was aware of Plaintiff's disability, as alleged above and herein.

13      69.    Defendant failed and refused to engage Plaintiff in an interactive process

14  designed to unite Plaintiff with her job.

15      70.    At all times herein alleged, Plaintiff was qualified for the position of

16  employment that she held with Defendant and was able to perform the essential functions

17  of that job if such reasonable accommodation had been made by Defendant.  At no time

18  would the performance of the functions of the employment position, with a reasonable

19  accommodation for Plaintiff's disabilities, have been a danger to Plaintiff's or any other

20  person's health or safety, nor would it have created an undue hardship to the operation of

21  Defendant's business.

22      71.    Defendant's failure to engage with Plaintiff in an interactive process, as

23  alleged above, constitutes unlawful conduct in employment in violation of FEHA, and

24  particularly *Gov't Code* §12940.

25      72.    As a direct, foreseeable, and proximate result of Defendant's wrongful

26  conduct against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has

27  suffered the loss of wages, salary, benefits, the potential for advancement, and additional

28  amounts of money Plaintiff would have received but for Defendant's wrongful conduct,

Smali & Associates, P.C.

1   all in an amount no less than three hundred thousand dollars, subject to proof at the time
2   of trial.

3       73.    As a direct, foreseeable, and proximate result of the wrongful conduct of
4   Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional
5   distress and anguish, humiliation, anxiety, and medical expenses all to her damage in an
6   amount subject to proof at trial.

7       74.    Plaintiff is informed and believes and thereon alleges that the above-alleged
8   actions of Defendant were the result and consequence of Defendant's failure to supervise,
9   control, direct, manage, and counsel those agents throughout Plaintiff's employment and
10  that Defendant ratified, condoned and/or encouraged the discriminatory behavior and
11  enabled agents to believe that their conduct was appropriate.

12      75.    Defendant, and each of them, failed to offer counseling or comfort to
13  Plaintiff and sent the unmistakable message that such conduct is appropriate in the
14  workplace.

15      76.    Plaintiff is informed and believes and thereon alleges that Defendant has a
16  systemic and wide-spread policy of discriminating against and retaliating against
17  employees with disabilities.  By failing to stop the discrimination, harassment and
18  retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn,
19  directly caused a vicious cycle of wrongful conduct with impunity.

20      77.    Plaintiff is informed and believes and thereon alleges that Defendant's
21  desire to avoid accommodating Plaintiff was a motivating factor in the decision of
22  Defendant to discriminate against her and ultimately terminate her.

23      78.    The outrageous conduct of Defendant, and each of them, as alleged herein,
24  was done with oppression and malice by Defendant and its supervisors and managers,
25  along with conscious disregard of Plaintiff's rights, and were ratified by those other
26  individuals who were managing agents of Defendant.

27      79.    The conduct of Defendant as alleged hereinabove was done with malice,
28  fraud or oppression, and in reckless disregard of Plaintiff's rights under California law.

COMPLAINT

13

1  As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

2      80.    Plaintiff also continues to incur attorneys' fees and legal expenses in an

3  amount according to proof at the time of trial which fees and expenses are recoverable

4  pursuant to *Gov't Code* §12900 *et seq.*

## FIFTH CAUSE OF ACTION

### FAILURE TO PREVENT DISCRIMINATION IN VIOLATION

### OF CALIFORNIA GOVERNMENT CODE § 12940(k)

### (Against All Defendants)

9      81.    Plaintiff refers to all allegations contained in paragraphs 1-80 inclusive and

10  by such reference incorporates the same herein as though fully realleged in detail.

11      82.    During the course of employment, Defendant, and each of them, failed to

12  prevent or remedy discrimination, retaliation and harassment toward Plaintiff on the basis

13  of her disability and participation in protected conduct in violation of *Government Code*

14  §12940(k).

15      83.    As a direct result of the wrongful conduct of Defendant, Plaintiff suffered,

16  and continues to suffer, substantial losses in earnings and other benefits in an amount

17  according to proof at the time trial, including special and general damages.

18      84.    As a direct, foreseeable, and proximate result of the wrongful conduct of

19  Defendant, Plaintiff has suffered and continues to suffer emotional distress and anguish,

20  humiliation, substantial losses in salary, bonuses, job benefits, and other employment

21  benefits which she would have received all to her damage in a sum within the jurisdiction

22  of the Court to be ascertained according to proof.

23      85.    Plaintiff is informed and believes and thereon alleges that the outrageous

24  conduct of Defendant, and each of them, as alleged herein, was done with oppression and

25  malice by Plaintiff's supervisors and managers, along with conscious disregard of

26  Plaintiff's rights, and were ratified by those other individuals who were managing agents

27  of Defendant.

28      86.    As a proximate result of the wrongful conduct of Defendant, and each of

Smaili & Associates, P.C.

1  them, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and
2  mental and physical pain and anguish according to proof at the time of trial.

3      87.    These unlawful acts were further encouraged by Defendant and done with a
4  conscious disregard for Plaintiff's rights and with the intent, design, and purpose of
5  injuring Plaintiff.    The conduct of Defendant alleged hereinabove was done with malice,
6  fraud or oppression, and in reckless disregard of Plaintiff's rights under California law.
7  As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

8      88.    Plaintiff has also incurred and continues to incur attorneys' fees and legal
9  expenses in an amount according to proof at the time of trial.

10                          **SIXTH CAUSE OF ACTION**
11                         **RETALIATION IN VIOLATION OF**
12               **CALIFORNIA GOVERNMENT CODE §12940(h)**
13                           **(Against All Defendants)**

14      89.    Plaintiff refers to all allegations contained in paragraphs 1-88, inclusive,
15  and by such reference incorporates the same herein as though fully realleged in detail.

16      90.    At all times herein mentioned, FEHA, *Government Code* §12940(h), was in
17  full force and effect and was binding on Defendant.  This statute requires Defendant to
18  refrain from retaliating against Plaintiff.

19      91.    Plaintiff is informed and believes and thereon alleges that as a consequence
20  of lodging complaints with Defendants about the harassing and discriminatory acts being
21  committed against Plaintiff, coupled with Plaintiff's disability sustained while on-the-job
22  for which workers compensation coverage was required along with reasonable
23  accommodation, Defendant took retaliatory action against Plaintiff by failing to conduct a
24  good faith interactive process aimed at reuniting Plaintiff with her  job, failing to
25  determine the essential functions of Plaintiff's job, mistreat Plaintiff, and deny Plaintiff
26  advancement and promotion.

27      92.    Defendant unlawfully retaliated against Plaintiff after she engaged in
28  protected activity after being injured on the job, such as without limitation, filing or

Smail & Associates, A.C.

1  intending to file for workers' compensation benefits due to safety concerns and
2  requesting accommodation, and, lodging workplace complaints related to the harassment
3  and discrimination that she was facing, and other complaints of a hostile and unsafe
4  working environment.

5      93.    As a proximate result of Defendant's willful, knowing, and intentional
6  conduct against Plaintiff, she has sustained and continues to sustain substantial losses in
7  her earnings and other employment benefits and continues to suffer humiliation,
8  emotional distress, and mental and physical pain an and anguish, and sleep dysfunction,
9  all to her damage in a sum according to proof.

10      94.    These unlawful acts were further encouraged by Defendant and done with a
11  conscious disregard for Plaintiff's rights and with the intent, design, and purpose of
12  injuring Plaintiff.  In light of Defendant's willful, knowing, and intentional discrimination
13  against Plaintiff which culminated in her discharge, Plaintiff seeks an award of punitive
14  and exemplary damages in an amount according to proof.

15      95.    Plaintiff has incurred and continues to incur legal expenses and attorney
16  fees.  Plaintiff is presently unaware of the precise amount of said expenses and fees and
17  prays leave of court to amend this Complaint when said amounts are more fully known.

**SEVENTH CAUSE OF ACTION**

**WRONGFUL TERMINATION**

**(Against All Defendants)**

21      96.    Plaintiff refers to all allegations contained in paragraphs 1-95, inclusive and
22  by such reference incorporates the same herein as though fully realleged in detail.

23      97.    Plaintiff informed Defendants that she suffered from disabilities.  Further,
24  Defendants were aware of Plaintiff's requests for accommodation and complaints about
25  her workplace environment.  Defendants were also aware that Plaintiff filed a worker's
26  compensation claim and sought medical treatment pursuant to the same.

27      98.    *Labor Code* §232.5 makes it illegal for an employer to prohibit an
28  employee from discussing their working conditions.

COMPLAINT

16

99. *Labor Code* §6310 protects an employee's right to complain of unsafe working conditions.

100. *Labor Code* §6400 requires employers to provide a work environment that is safe for its employees.

101. *Gov't Code* §12940 et seq., prohibits forms of discrimination against protected classes of employees.

102. Defendant wrongfully terminated Plaintiff in violation of a substantial and fundamental public policy in that a determining and motivating factor in Defendants' decision to terminate Plaintiff was the desire to retaliate against her because: (i) she had a disability and work restrictions, (ii) she requested and required reasonable accommodation, (iii) she required an interactive process, and (iv) she lodged complaints.

103. Plaintiff is informed and believes and thereon alleges that these factors made up Defendants decision to terminate Plaintiff and/or played an important and integral role in said decision. Such discrimination was in violation of the public policy of the State of California and resulted in damage and injury to Plaintiff as alleged herein.

104. As a proximate result of Defendants willful, knowing, and intentional discrimination and retaliation against Plaintiff, she has sustained and continues to sustain substantial losses in her earnings and other employment benefits and continues to suffer humiliation, emotional distress, and mental and physical pain an and anguish, and loss of sleep/sleep dysfunction, all to her damage in a sum according to proof.

105. In light of Defendants willful, knowing, and intentional discrimination against Plaintiff which resulted in her wrongful termination, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

## EIGHTH CAUSE OF ACTION

### FAILURE TO PROVIDE EMPLOYMENT RECORDS

### (Against All Defendants)

106. Plaintiff refers to all allegations contained in paragraphs 1-105, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

1    107.    California Labor Code §1174, subdivision (c), requires employers doing
2    business in the State of California to maintain payroll records and to keep these records in
3    a central location in the State of California.

4    108.    California Labor Code §226, subdivisions (b) and (c), require employers
5    doing business in the State of California to provide current and former employees access
6    to their payroll records.

7    109.    California Labor Code §432, subdivision (b), requires employers doing
8    business in the State of California to provide current and former employees copies of all
9    written instruments they sign upon request.

10    110.    California Labor Code §1198.5 et seq., provides current and former
11    employees the right to inspect their employee personnel records that the employer
12    maintains relating to the employee's performance or to any grievance concerning the
13    employee.

14    111.    Plaintiff, via counsel, requested Defendants to provide Plaintiff with her
15    employee personnel file and payroll records, and Defendants did not provide Plaintiff
16    with inspection rights or complete copies of such records, in violation of the above-
17    described statutes.

18    112.    As a result of Defendants' statutory violations alleged in this Complaint,
19    Plaintiff suffered damages, in an amount to be determined according to proof at trial,
20    costs, and attorney's fees.

21    113.    By reason of the foregoing, Plaintiff has been left without an adequate
22    remedy at law, and should be entitled to appropriate injunctive relief from this Court,
23    including, but not limited to, an order by the Court requiring Defendants to turn over
24    copies of Plaintiff's employee personnel file and payroll records to Plaintiff or to provide
25    Plaintiff access to these records as required by law.

26    114.    Plaintiff is entitled to costs and attorney's fees as provided by applicable
27    law, including, but not limited to, California Labor Code §226 subdivisions (e), (f), and
28    (h), and § 1198.5 subdivision (l).

COMPLAINT

18

115.   Plaintiff is entitled to penalties as provided by applicable law, including, but not limited to, California Labor Code §§ 226 subdivisions (e) and (f), and §1198.5 subdivision (k).

## NINTH CAUSE OF ACTION

### MEAL AND REST BREAK VIOLATIONS

### (Against All Defendants)

116.   Plaintiff refers to all allegations contained in paragraphs 1-115, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

117.   *Labor Code* §226.7(a) provides in pertinent part that, "No Employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

118.   *Labor Code* §512 provides in pertinent part that, "An employer may not employ an employee for a work period of more than five hours per work day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee."

119.   *Labor Code* §512 further provides in pertinent part that, "An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

120.   *Labor Code* §516 provides that the industrial Welfare Commission may adopt or amend working condition orders with respect to meal periods for any workers in California consistent with the health and welfare of those workers.

121.   Section 11(A) of the IWC Wage Order(s) provides that "Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal

period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to.  The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

122.    Section 11(B) of the IWC Wage Order(s) provides that "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

123.    Likewise, the IWC Wage Order(s) and provisions of the Labor Code require that an employer relieve an employee of duty for a ten minute break for every four hours worked.

124.    While employed by Defendants, and at all times relevant herein, Plaintiff consistently worked over five (5) hours per shift and therefore was entitled to an uninterrupted meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment, and, at least one rest break for every four hours worked.

125.    At all times relevant herein, Plaintiff did not waive her meal periods and/or rest breaks, by mutual consent with Defendants or otherwise.

126.    At all times relevant herein, Plaintiff did not enter into any written agreement with Defendants agreeing to an on-the-job paid meal period and/or rest break.

127.    Defendants failed to comply with the rest and meal period requirements established by *Labor Code* §226.7, *Labor Code* §512, *Labor Code* §516 and Section 11 of the IWC Wage Order(s).

128.    Pursuant to Section 11(B) of the IWC Wage Order(s) and *Labor Code* §226.7(b), which states in pertinent part that "if an employer fails to provide an employee a meal or rest period in accordance with an applicable order of the industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided," Plaintiff is entitled to damages in an amount equal to one (1) additional

1   hour of pay at Plaintiff's regular rate of compensation for each work day that the meal
2   period was not provided.

3       129.   Pursuant to *Labor Code* §218.6 and *Civil Code* §3287, Plaintiff seeks
4   recovery of pre-judgment interest on all amounts recovered herein.

**TENTH CAUSE OF ACTION**

**VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *ET SEQ.***

**(Against All Defendants)**

8       130.   Plaintiff refers to all allegations contained in paragraphs 1-129 inclusive,
9   and by such reference incorporates the same herein as though fully realleged in detail.

10      131.   Defendant, and each of them, have engaged in unfair and unlawful
11  business practices as set forth above.

12      132.   Business & Professions Code § 17200 *et seq.* prohibits unlawful and unfair
13  business practices.

14      133.   By engaging in the above-described acts and practices, Defendant, and each
15  of them, have committed one or more acts of unfair, unlawful or fraudulent competition
16  within the meaning of Business & Professions Code §17200 *et seq.*

17      134.   Defendant, and each of them, have violated statutes and public policies.
18  Through the conduct alleged in this Complaint, Defendant, and each of them, have acted
19  contrary to public policies and have engaged in other unlawful and unfair business
20  practices in violation of Business & Professions Code § 17200 *et seq.*, depriving Plaintiff
21  and all interested persons of rights, benefits, and privileges guaranteed to all employees
22  under law.

23      135.   As a direct and proximate result of the aforementioned acts and practices,
24  Plaintiff has suffered a loss of money and property in the form of wages and benefits that
25  she would have received as an employee of Defendant, and each of them.

26      136.   Plaintiff seeks an order of this Court awarding restitution, injunctive relief
27  and all other relief allowed under Business & Professions Code §17200 *et seq.*, plus
28  interest and costs.

COMPLAINT

21

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. For all actual, consequential, and incidental damages, including but not limited to loss of earnings and employee benefits, according to proof, but no less than three hundred thousand dollars;

2. For restitution for unfair competition pursuant to Business & Professions Code §17200 *et seq.*, resulting from Defendants' unlawful business acts and practices, according to proof;

3. For an order enjoining Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them, from acting in derogation of any rights or duties alleged in this Complaint;

4. For pre-judgment and post-judgment interest, according to proof;

5. For punitive and exemplary damages, according to proof;

6. For attorneys' fees, according to proof and statute;

7. For costs of suit incurred herein;

8. For such other relief and the Court may deem just and proper.

Dated: January 9, 2020                                  **SMAILI & ASSOCIATES, P.C.**


By: */s/ Jihad M. Smaili*
Jihad M. Smaili, Esq.
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury.

Dated: January 9, 2020                    **SMAILI & ASSOCIATES, P.C.**


By: _/s/ Jihad M. Smaili_
         Jihad M. Smaili, Esq.
         Attorneys for Plaintiff

COMPLAINT

23